UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 9:19-cv-81080-ROSENBERG/REINHART

JOSEPH R. TOMELLERI,

              Plaintiff,

v.

JOHN N. NATALE, JR., et al.

              Defendants.

_____

## REPORT AND RECCOMENDATION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 76)

Before this Court for disposition is the Defendants' Motion for Judgment on the Pleadings. ECF No. 76. This motion was referred to me by the Hon. Robin L. Rosenberg on June 6, 2020. ECF No. 78. I have reviewed the Second Amended Complaint (ECF No. 69), Defendants' Motion (ECF No. 76), Plaintiff's response (ECF No. 82), and Defendants' reply with its attachments (ECF No. 84). For the reasons stated below, it is **RECOMMENDED** that the Motion for Judgment on the Pleadings to Dismiss be **DENIED.**

## JUDGMENT ON THE PLEADINGS STANDARD

A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss. *See Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). "Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir.2001)). The moving party bears the burden of proving they are entitled to dismissal. *See*

*Hawthorne v. Mac Adjustment*, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998). Accordingly, well-pleaded allegations within the complaint are accepted as true and are construed in favor of the non-moving party. *See Cunningham v. Dist. Atty's Office for Excambia Cnty, 529 F.3d 1237, 1255 (11th Cir. 2010).; Miami Herald Pub. Co. v. Ferre*, 636 F.Supp. 970, 974 (S.D. Fla. 1985).

## PROCEDURAL BACKGROUND

Plaintiff alleges twelve counts of copyright infringement and removal or alteration of copyright management information under the Copyright Act and common law. ECF No. 69. Plaintiff filed his initial complaint on July 31, 2019. ECF No. 1. The only Defendants named in that complaint were Mr. Natale and OLW.  The Defendants answered the initial complaint on December 9, 2019. ECF No. 17. The Plaintiff filed the First Amended Complaint (FAC) on March 4, 2020. ECF No. 38.  This complaint added PBA and GLCW as Defendants.

On March 27, 2020, the Defendants filed a Motion to Dismiss for Failure to State a Claim. ECF No. 57. The Hon. Robin L. Rosenberg referred the motion to me on March 27, 2020. ECF No. 58. I entered a Report and Recommendation on March 30, 2020, stating that the Defendants' motion should be granted without prejudice. ECF No. 59. This order specifically recommended the district court give the Plaintiff "leave to file a Second Amended Complaint." *Id*. at 1. On April 10, 2020, the Hon. Robin L. Rosenberg adopted the Report and Recommendation, the FAC was dismissed without prejudice, and a deadline (April 14, 2020) was set for the Plaintiff to file a Second Amended Complaint. ECF No. 68. The Second Amended Complaint was filed on April 13, 2020. ECF No. 69. Defendants filed this Motion for Judgment on the Pleadings on May 29, 2020. ECF No. 76.

## FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species. ECF No. 69 at 3. Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that include the fish illustrations at issue in this case (the "Works"). *Id.* at 4.

On or about August 1, 2016, Plaintiff discovered that Defendant OLW, without authorization, reproduced and displayed the Works on OLW's Website. *Id.* at 6. On April 19, 2017, Plaintiff, through counsel, first sent a notice of copyright infringement to Defendants OLW and Natale, alerting those Defendants to the unauthorized use of the Works. *Id.* at 7. In June of 2019, Plaintiff discovered that Defendants OLW and Natale were still displaying at least one (1) of the Works on OLW's Website, specifically the Grass Carp, without Plaintiff's copyright management information. *Id.* Defendants OLW and Natale provided the following copyright management information on the webpage where it displayed the Grass Carp: "OrlandoLakesandWetlands.com © 2008". *Id.* at 8. On or about May 2017, Plaintiff discovered that Defendant PBA, without authorization, reproduced and displayed the Works on PBA's Website. *Id*. In displaying the Works, Defendants PBA and Natale did not provide any of Plaintiff's copyright management information. *Id.* at 9. On or about February 2020, Plaintiff discovered that Defendant GCLW, without authorization, reproduced and displayed the Works on GCLW's Website. *Id.* at 10. In displaying the Works, Defendants GCLW and Natale did not provide any of Plaintiff's copyright management information. *Id.* at 11.

3

## DEFENDANTS' ARGUMENTS

Defendants contend that the Second Amended Complaint must be dismissed on the pleadings for failing to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(c). ECF No. 76 at 1. The Defendants allege that all claims in the Second Amended Complaint are time-barred under the Copyright Act statute of limitations. *See* 17 U.S.C. §507(b). First, Defendants allege that the claims are time-barred, because they accrued at the time of the alleged infringement in 2008. Second, even if a discovery rule applies to the statute of limitations, the claims accrued in 2013-14 when the Plaintiff reasonably should have discovered the infringement. Alternatively, Defendants contend that the Second Amended Complaint, which was filed more than three years after the Plaintiff's admitted discovering the infringement, does not relate back to the dismissed prior complaints.

## DISCUSSION

### 1. The statute of limitations does not bar Plaintiff's claims.

The statute of limitations under the Copyright Act is three years. 17 U.S.C. §507(b). The issue presented here is when that limitations period begins to run. Plaintiff asserts that a "discovery rule" applies: the statute of limitations begins to run only when plaintiff knew, or reasonably should have known, of the infringement. Nine federal circuit courts have held that this discovery rule applies to copyright infringement claims. *See Petrella v. Metro-Goldwyn-Mayer, Inc.,* 572 U.S. 663, 670 n.4 (2014). No Court of Appeals has rejected the discovery rule. The Eleventh Circuit has not ruled on this issue.

Defendants argue that an "accrual rule" applies, not a discovery rule. They rely on dicta in *Petrella* and *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 137 S. Ct.

954, 962 (2017) to argue that statute of limitations begins to run when the copyright infringement

occurs.[1]  In *Petrella,* the Supreme Court stated:

> A claim ordinarily accrues "when [a] plaintiff has a complete and present cause of action."  In other words, the limitations period generally begins to run at the point when "the plaintiff can file suit and obtain relief."  A copyright claim thus arises or "accrue[s]" when an infringing act occurs.

572 U.S. at 670 (2014) (citations omitted).  The accompanying footnote stated, "Although we have

not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident

of injury rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers,

or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Id.,*

n. 4 (citations omitted).  *SCA Hygiene* reinforced that the Supreme Court was not deciding whether

a discovery rule applied to the Copyright Act statute of limitations:

> First Quality says that the accrual of a claim, the event that triggers the running of a statute of limitations, occurs when "a plaintiff knows of a cause of action," ibid., but that is not ordinarily true. As we wrote in Petrella, "[a] claim ordinarily accrues 'when [a] plaintiff has a complete and present cause of action.'" While some claims are subject to a "discovery rule" under which the limitations period begins when the plaintiff discovers or should have discovered the injury giving rise to the claim, that is not a universal feature of statutes of limitations. And in *Petrella,* we specifically noted that "we have not passed on the question" whether the Copyright Act's statute of limitations is governed by such a rule.

*SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC,* 137 S. Ct. 954, 962 (2017)

(citations omitted).  So, the Supreme Court has never held (one way or the other) whether a

discovery rule applies to the Copyright Act statute of limitations.

Defendants incorrectly argue that the Eleventh Circuit's ruling in *Webster v. Dean Guit*ars,

955 F.3d 1270, 1276–77 (11th Cir. 2020) controls. *Webster* is distinguishable because it involved

---

[1] The issue presented in *Petrella* was whether laches could bar a copyright infringement claim that was brought within the statute of limitations period of the Copyright Act.  *SCA Hygiene* addressed whether laches could bar a patent infringement claim that was brought within the statute of limitations of the Patent Act.  Although both decisions discussed when a statute of limitations begins to run, that discussion was not necessary to the Supreme Court's holdings.

a dispute over copyright ownership, not copyright infringement.  In any event, *Webster* applied a discovery rule to copyright ownership claims: "Webster's copyright ownership claim accrued when he knew, or reasonably should have known, that his ownership rights in the lightning storm graphic were being violated."  *Id.* at 1276.  It also cited with approval Judge Birch's concurrence in *Calhoun v. Lillenas Publ'g*, for the proposition that "a copyright infringement claim's 'limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.'"  *Calhoun,* 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) *cited in Webster,* 955 F.3d at 1276.  If anything, *Webster* supports applying a discovery rule to copyright infringement claims.

Finally, Defendants argue that the former Fifth Circuit's ruling in *Prather v. Neva Paperbacks, Inc*., 446 F.2d 338 (5th Cir. 1971) controls and excludes the use of the "discovery rule."[2]  *Prather* involved a copyright infringement claim where the plaintiff argued that the statute of limitations had been equitably tolled.  The former Fifth Circuit held that the plaintiff had not shown a basis for equitable tolling. *Id.* at 340. *Prather* did not address the discovery rule.

I do not find that *Prather*'s application of equitable tolling principles to the Copyright Act's statute of limitations excludes the use of the discovery rule. Defendants have not cited any authority that requires the application of the injury rule in the Eleventh Circuit.  I agree with the unanimous view of the federal appellate courts that have addressed this issue:  the discovery rule applies to a copyright infringement claim.

The Second Amended Complaint sufficiently alleges when Plaintiff discovered the alleged infringements.  Paragraph 43 of the Second Amended Complaint alleges Plaintiff first learned of

---

[2] Decisions of the former Fifth Circuit predating September 30, 1981 are binding precedent in the Eleventh Circuit, unless otherwise overruled.  *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Defendant OLW's alleged infringement on August 1, 2016.  Paragraph 68 alleges Plaintiff first learned of Defendant PBA's alleged infringement in or about May 2017.  Paragraph 87 alleges that Plaintiff first learned of Defendant Natale's and GCLW's allege infringement in or about February 2020.  The initial complaint against OLW was filed on July 31, 2019.  The First Amended Complaint against PBA, Natale, and GCLW was filed on March 4, 2020.  The well-pled allegations in the Second Amended Complaint establish that, for purposes of the Motion for Judgment on the Pleadings, Plaintiff filed its copyright infringement claims within 3 years of having actual knowledge of the alleged infringement.

Defendants argue that, even if Plaintiff first learned of the alleged infringements within 3 years of bringing his claims, he reasonably should have known long before then.  Defendants assert that Plaintiff reasonably should have known as a result of a reasonable search conducted in 2013-14 while actively investigating and filing copyright infringement claims.  Defendants point to materials outside the pleadings, such as court docket filings and purported copies of webpages.

It is well-settled that a motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss. *See Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998). Therefore, evidence outside of the pleadings may not be considered by the court without converting the motion into one for summary judgment. *Id.*  Although there are exceptions to this rule that allow courts to consider "[a] copy of a written instrument that is an exhibit to a pleading" (Fed. R. Civ. P. 10(c)), and extrinsic documents if they are "(1) central to the plaintiff's claim, and (2) [their] authenticity is not challenged" (*SFM Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F.3d 1334, 1337 (11th Cir. 2010)), here, Defendants have not established that the extrinsic documents upon which they rely satisfy any of these criteria.  Therefore, I am not required to consider them. *See EEOC v. Austal USA, LLC,* 389 F. Supp. 3d 1015 (S.D. Ala. 2019) (court

declined to consider a general release proffered by defendant in connection with its motion for judgment on the pleadings because it was "not central to a plaintiff's claims and . . . [was] not attached to or referenced in the pleadings"); *cf. SFM Holdings, Ltd.*, 600 F.3d at 1337 (district court properly considered extrinsic evidence attached to defendant's motion to dismiss because it constituted a "relationship-forming contract" and was central to plaintiff's claim).

Without these extrinsic facts, Defendants have not presented any factual basis to conclude that Plaintiff reasonably should have known about the alleged infringement earlier than the dates alleged in the Second Amended Complaint.  Even if I considered these extrinsic facts, my conclusion would be the same.  Defendants bear the burden of proving that Plaintiff reasonably should have known about the alleged infringement prior to the dates alleged in Paragraphs 43, 68, and 87.  When viewed in the light most favorable to Plaintiff, the evidence does not compel the conclusion that Plaintiff reasonably should have known about Defendants' web pages, which are only a few of the millions of websites on the World Wide Web.  Put differently, Defendants cannot satisfy their burden by the mere facts that (1) Plaintiff was enforcing his copyrights against others and (2) contemporaneously, Defendants' allegedly-infringing websites were readily accessible on the Internet.

2. The Second Amended Complaint relates back to the prior pleadings.

Alternatively, Defendants assert that, even if the discovery rule applies, the Second Amended Complaint is time-barred.  Defendants' premise is that the Second Amended Complaint does not relate back to Plaintiff's earlier dismissed pleadings because a dismissal without prejudice is "as if they had never been filed" ECF No. 76 at 13.

The cases Defendants cite in support of this argument all involve situations where a complaint was dismissed without prejudice and thereafter the plaintiff filed a new lawsuit outside

the statute of limitations.  Those cases are procedurally distinguishable because they involve the filing of a new complaint in a new lawsuit after the statute of limitations ran.  Here, Plaintiff filed an amended complaint in an existing lawsuit that was initiated before the statute of limitations ran. Defendants' cases are not applicable.

The correct analytical framework is whether the Second Amended Complaint relates back to the prior complaints in this action.  "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  The "critical issue" in relation-back determinations "is whether the original complaint gave notice to the defendant of the claim now being asserted." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (citing *Woods Expl. & Producing Co., Inc. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1299–1300 (5th Cir. 1971)).

Federal Rule of Civil Procedure 15 addresses relation back of pleadings.  Under Rule 15, an amended pleading relates back if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," Fed. R. Civ. P. 15(c)(1)(B).  The Eleventh Circuit has held that Rule 15(c) allows an amended pleading filed outside the statute of limitations to relate back to the date of a complaint filed within the statute of limitation period. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1175 (11th Cir. 2014).

Defendants do not assert that the claims alleged in the Second Amended Complaint do not arise from the same "conduct, transaction, or occurrence" that underlay the prior, timely complaints. Fed. R. Civ. P. 15(c)(1)(B). A review of the prior complaints in this action confirms that the Second Amended Complaint relates back to the prior pleadings filed within the statute of limitations.  Defendants cite no other reason why Rule 15(c) should not apply.

## CONCLUSION

Under Fed. R. Civ. P. 15(c), the Plaintiff's Second Amended Complaint relates back to the initial complaint (as to Defendant OCW) and to the First Amended Complaint (as to the remaining defendants). A discovery rule applies to the Copyright Act claims in the Second Amended Complaint.  Viewed in the light most favorable to the Plaintiff, the Second Amended Complaint alleges a plausible claim that Plaintiff did not know, and could not reasonably have known, about the alleged infringements until August 1, 2016. The statute of limitations does not bar the claims in the Second Amended Complaint.

## RECOMMENDATION

WHEREFORE, the undersigned **RECOMMENDS** that Defendants' Motion for Judgment on the Pleadings (ECF No. 76) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 14th day of July 2020, at West Palm Beach

in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE