UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 19-CV-81080-ROSENBERG/REINHART

JOSEPH R. TOMELLERI,

        Plaintiff,

v.

JOHN N. NATALE Jr., et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS CERTAIN COUNTS OF THE SECOND AMENDED COMPLAINT (ECF NO. 77)

Presently before the Court is Defendants' Motion to Dismiss certain counts of the Second Amended Complaint (SAC) (ECF No. 77), which was referred by the Honorable Robin L. Rosenberg to the undersigned on June 8, 2020 for appropriate disposition. ECF No. 78. The motion, brought under Federal Rule of Civil Procedure 12(b)(1), alleges that Plaintiff Tomelleri lacks standing to assert claims for copyright infringement. I have reviewed the Second Amended Complaint (ECF No. 69), the Motion, Response (ECF No. 81) and Reply (ECF No. 83). For the reasons explained below, I **RECOMMEND** that the Defendants' Motion to Dismiss Counts I-III and X-XII for Tomelleri's lack of standing be **DENIED**, but that the Defendants' Motion to Dismiss Counts III, VI, and IX be **GRANTED.**

### FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Plaintiff Tomelleri is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species. ECF No. 69 at 3. Tomelleri is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for

illustrations for a number and variety of fish that include the fish illustrations at issue in this case (the "Works"). *Id.* at 4. Tomerelli alleges that Defendant John N. Natale, Jr. ("Natale"), while employed by the Corporate Defendants, Orlando Lakes and Wetlands, Inc. ("OLW"), Palm Beach Aquatics, Inc. ("PBA"), and Gulf Coast Lakes and Wetlands, Inc. ("GCLW"), modified Tomelleri's illustrations, reproduced them on the Defendants' websites, and that Natale intentionally removed all of Tomelleri's copyright management information which was previously present on and near each of his illustrations.[1]

## LEGAL ARUMENTS

Defendants have moved under Rule 12(b)(1) to dismiss Counts I-III and X-XII, alleging that Tomelleri lacks statutory standing based his non-compliance with Section 411(a) of the Copyright Act, which requires a copyright to be registered or pre-registered before bringing a claim for suit. ECF No. 77 at 9. In his response, Tomelleri argues that Defendants' jurisdictional challenge is misplaced because he has pled sufficient facts to establish Article III standing, and to the extent Defendants seek dismissal due to a lack of statutory standing, this constitutes a dispute on the merits which is not properly before the Court at this stage of the proceedings. ECF No. 81 at 5.

Secondly, Defendants have also moved to dismiss Counts III, VI, and IX, counts specific to Defendant GCLW's role in the alleged infringement. According to Defendants, Tomelleri has failed to raise any case or controversy against GCLW because the website allegedly infringing Tomelleri's copyright is not owned by GCLW, but rather by Palm Beach Aquatics (PBA). ECF No. 77 at 23. Defendants argue that because "there is no injury or causation by Defendant GCLW,

---

[1] The twelve counts of the Second Amended Complaint allege violations of 17 U.S.C. § 101, *et seq.,* for copyright infringement and 17 U.S.C. § 1202, *et. seq.,* for removal or alteration of copyright management information.

2

and the injury that is alleged is not redressable through an action against Defendant GCLW . . . [Tomelleri] lacks standing to bring these claims against Defendant GCLW" and therefore these counts should be dismissed. *Id.*

## **LEGAL STANDARDS**

"The most notable—and most fundamental—limits on the federal 'judicial Power' are specified in Article III of the Constitution, which grants federal courts jurisdiction only over enumerated categories of 'Cases' and 'Controversies.' This case-or-controversy requirement comprises three familiar 'strands': (1) standing, (2) ripeness, and (3) mootness." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (citations omitted). The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Because lack of standing affects the Court's constitutional power to adjudicate the parties' dispute, it can be raised by either party, or "by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U. S. 500, 506 (2006); *see also Gardner, supra,* at 1337 (standing requirement "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."). For this same reason, a district court is required to satisfy itself of a party's standing before proceeding to consider the merits of the claims. *Gardner, supra,* at 1336.[2]

Jurisdictional attacks under Rule 12(b)(1) can be either facial or factual. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-1529 (11th Cir. 1990). Facial attacks challenge subject

---

[2] Tomelleri argues that the Court should treat the Motion as a challenge to whether he has stated a claim upon which relief can be granted under Rule 12(b)(6). ECF No. 81. The Eleventh Circuit's opinion in *Gardner* (which post-dated Tomelleri's Response) clarified prior caselaw and made clear that I should address only the jurisdictional issue presented here.

3

matter jurisdiction based on the allegations in the complaint, which the court interprets as true. *Id.* A complaint must contain a sufficient amount of non-conclusory allegations to create a plausible inference that subject matter jurisdiction exists. *See Storms v. Haugland Energy Group, LLC,* 18-CV-80334, 2018 WL 4347603, at *2 (S.D. Fla. Aug. 17, 2018) (J. Reinhart), *report and recommendation adopted,* 18-CV-80334-BB, 2018 WL 4347604 (S.D. Fla. Sept. 4, 2018) (J. Bloom) (applying *Iqbal* and *Twombly* pleading standard to jurisdictional allegations); *accord Wood v. Maguire Automotive, LLC,* 508 Fed. Appx. 65 (2d Cir. 2013) (complaint failed to properly allege subject matter jurisdiction because allegation of amount in controversy was "conclusory and not entitled to a presumption of truth.") (citing *Iqbal*). With facial attacks, a plaintiff has safeguards similar to those present under Rule 12(b)(6). "Generally, courts are confined to the four-corners of the complaint and any documents attached thereto. Without converting the motion to dismiss into a motion for summary judgment, the Court may also consider documents that are part of the public record such as documents filed in this Court or others." *Lady of America Franchise Corp. v. Cunningham*, No. 08-61110, 2008 WL 11333325, at *1-2 (S.D. Fla. Nov. 25, 2008) (J. Cohn) (citations omitted).

On the other hand, factual challenges question jurisdiction by implicating the elements of the plaintiff's cause of action. *Dunbar*, 919 F.2d at 1529. "[W]hen a court confronts a 'factual' attack, it needn't accept the plaintiff's facts as true; rather, 'the district court is free to independently weigh facts' and make the necessary findings." *Gardner, supra,* at 1340 (citation omitted). The court may consider extrinsic evidence beyond the pleadings. *Lady of America, supra,* at *2.

Article III standing must be carefully distinguished from statutory standing, elements of a party's merits claim, or claims processing rules; only Article III standing implicates a federal

court's subject matter jurisdiction. *See United States v. Ross,* No. 18-11679, 2020 WL 3445818, at *4-6 (11th Cir. June 24, 2020); *see also Gardner, supra,* at 1340.

There are three elements to establish standing. There must be an injury-in-fact (an invasion of an interest that is *both* concrete and particularized, and actual or imminent), a causal connection between the plaintiff's injury and the challenged action of the defendant, and a likelihood (not merely speculation) that a favorable judgement will redress the plaintiff's injury. *Gardner, supra,* at 1338 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must satisfy all three elements to establish standing. *Id.*

To be a concrete injury-in-fact, a plaintiff's injury must be "de facto" and "real", not "abstract." *Gardner, supra,* at 1341. An injury must also be particularized in that it "must affect the plaintiff in a personal and individual way." *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). All three requirements of concrete, particularized, and imminence must be met to establish an injury-in-fact. *Trichell v. Midland Credit Mgmt., Inc.*, No. 18-14144, 2020 WL 3634917, at *3 (11th Cir. July 6, 2020). The causation requirement of standing requires that, "a plaintiff's injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Jacobson v. Florida Secretary of State,* 957 F.3d 1193, 1207 (11th Cir. 2020) (quoting *Lujan*, 504 U.S. at 560). Redressability is the likelihood that a favorable judgement by the court will actually redress the plaintiff's alleged injury.

A dismissal for a lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction, under Rule 12(b)(1), in that it is not a ruling on the merits and is entered without prejudice. *See Stalley ex rel. United States v. Orlando Rel's Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## **DISCUSSION**

Defendants bring two factual challenges to Tomelleri's standing. First, Defendants argue that Tomelleri lacks standing because he does not own the copyright registrations identified in the SAC. Second, Defendant GCLW asserts that it does not own the website the SAC alleges infringed Tomelleri's copyrights. For the reasons stated below, even assuming *arguendo* that Tomelleri does not own the copyright registrations listed in the SAC, that fact does not affect his Article III standing. Conversely, considering the totality of the factual record, GCLW has met its burden of showing that this Court lacks subject matter jurisdiction over the claims against it.

**Copyright Registration Ownership**

Counts I-III of the Second Amended Complaint allege copyright infringement in violation of 17 U.S.C. 502. Counts X-XII allege common law claims for vicarious copyright infringement. As a statutory prerequisite to filing a copyright infringement suit, a plaintiff must have registered the copyright in question. Specifically, 17 U.S.C. 411(a) states in relevant part:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.

17 U.S.C.A. § 411. Defendants argue that this Court lacks subject matter jurisdiction because Tomelleri does not own the registered copyrights alleged in the Second Amended Complaint. The United States Supreme Court has unanimously rejected this argument:

> "A statutory condition that requires a party to take some action before filing a lawsuit is not automatically 'a *jurisdictional* prerequisite to suit." . . . Section 411(a) imposes a precondition to filing a claim that is not clearly labeled as jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions. Section 411(a) thus imposes a type of precondition to suit that supports non-jurisdictional treatment under our precedents.

6

*Reed Elsevier, Inc.*, *v. Muchnick,* 559 U.S 154, 166 (2010) (citation omitted) (emphasis in original). Accordingly, despite Section 411(a)'s registration requirement, and accepting Defendants' allegation that Tomelleri failed to satisfy that requirement, I find that these claims do not deprive this Court of subject matter jurisdiction over Counts I-III or X-XII of the Second Amended Complaint.

To emphasize, again, the sole issue before me is whether subject matter jurisdiction exists, not whether the SAC adequately states a claim or whether Tomelleri can prevail on the merits.[3] After oral argument, Defendants filed a Notice of Supplemental Authority. ECF No. 89. They cite six cases, none of which stand for the proposition that a plaintiff's failure to comply with Section 411(a) deprives this Court of *subject matter jurisdiction*. Defendants cite three cases where the court was ruling on a motion to dismiss under Rule 12(b)(6), so (unlike here) the Court could address whether failing to comply with Section 411(a) required dismissal *on the sufficiency of the pleading: Fourth Estate Pub. Benefit Corp. v. Wall-Street.com,* 16-60497-CIV, 2016 WL 9045625, at *1 (S.D. Fla. May 23, 2016) (J. Scola), *aff'd* 856 F.3d 1338 (11th Cir. 2017), *aff'd,* 139 S. Ct. 881 (2019); *Watson v. K2 Design Group*, No. 15–CIV–61020, 2015 WL 4720797, at *3 (S.D. Fla. Aug. 7, 2015) (J. Bloom); *Dowbenko v. Google Inc.,* 991 F. Supp. 2d 1219, 1219 (S.D.

---

[3] Notably, Defendants answered the Second Amended Complaint rather than moving to dismiss it under Rule 12(b)(6). They cannot now file a 12(b)(6) motion. Fed. R. Civ. P. 12(h)(2); *see, e.g., Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 971 n. 6 (11th Cir. 2002) ("After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss . . . these motions were a nullity"). Additionally, Defendants filed a Motion for Judgment on the Pleadings at the same time they filed this motion to dismiss for lack of subject matter jurisdiction. The Motion for Judgment on the Pleadings did not raise the Plaintiff's alleged non-compliance with Section 411(a). ECF No. 76. *See Rashid v. GRP Fin. Services Corp.*, 1:09-CV-1346-RLV-CCH, 2010 WL 11647400, at *1, *4 (N.D. Ga. Feb. 17, 2010), *report and recommendation adopted*, 1:09-CV-1346-RLV, 2010 WL 11647558 (N.D. Ga. Mar. 15, 2010) ("After a defendant files an answer or other responsive pleading, the proper method of moving to dismiss a complaint for failure to state a claim is to file a motion for judgement on the pleadings pursuant to Rule 12(c)").

Fla. 2013) (J. Ungaro), *aff'd,* 582 Fed. Appx. 801 (11th Cir. 2014).  They cite one case involving a motion for summary judgment, which involved an adjudication *on the merits*:  *Kernal Records Oy v. Mosley,* 794 F. Supp. 2d 1355, 1357 (S.D. Fla. 2011) (J. Torres), *aff'd*, 694 F.3d 1294 (11th Cir. 2012) (summary judgment motion).   None of these cases are applicable here.

More concerning is Defendants' citation to two cases for the implied proposition that I should *sua sponte* dismiss the SAC failing to comply with Section 411(a):

> 2. *Fox v. Strobes N More Inc.,* Case No. 19-cv-80242-BLOOM/Reinhart, 2019 U.S. Dist. LEXIS 26716, *1-3 (S.D. Fla. Feb. 20, 2019) (Bloom, J.) (dismissing the plaintiff's copyright infringement complaint for failing to meet the registration requirement "**upon a sua sponte review of the record**.") (emphasis added).
>
> 3. *Johansen v. Modrak,* Case No. 18-cv-63120-BLOOM/Valle, 2019 U.S. Dist. LEXIS 11185, *1- 4 (S.D. Fla. Jan. 24, 2019) (Bloom, J.) (dismissing the plaintiff's copyright infringement claim for failing to meet the registration requirement "**upon a sua sponte review of the record.**") (emphasis added).

ECF No. 89 at 2.  Defendants' decision to emphasize in bold type the phrase "upon a sua sponte review of the record" was clearly intended to imply that I had an obligation to conduct such a review in this case.  That implication is incorrect.  Both of the cited cases involved *pro se* plaintiffs who were seeking to proceed *in forma pauperis;* as Judge Bloom noted in both cases, a federal statute required the Court to assess whether the complaint stated a claim upon which relief could be granted.  *See* 28 U.S.C. § 1915(e)(2).  These cases do not stand for the proposition suggested by Defendants that in this case I must (or even can) review the sufficiency of the complaint when adjudicating a jurisdictional motion under Rule 12(b)(1).[4]

---

[4] The Supreme Court in *Reed Elsevier* specifically declined to reach this question:

> We also decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that—like the threshold conditions in *Arizona v. California,* 530 U.S. 392, 412–413, 120 S. Ct. 2304, 147 L.Ed.2d 374 (2000) (res judicata defense); *Day v. McDonough,* 547 U.S. 198, 205–206, 126 S. Ct. 1675, 164 L.Ed.2d 376 (2006) (habeas statute of limitations); and *Hallstrom v. Tillamook*

8

**Claims Against GCLW**

Defendants also seek dismissal of Counts III, VI and IX against GCLW, arguing that the website at issue, www.gulfcoastlakesandwetlands.com, is not actually owned and operated by GCLW, but rather by another defendant, PBA. ECF No. 77, Exhibits F and G. According to Defendants, PBA operates the website through its registered fictitious name "Gulf Coast Lakes and Wetlands." Despite the similarities in the names, the uncontroverted evidence establishes that Gulf Coast Lakes and Wetlands, Inc. does not own or operate the website www.gulfcoastlakesandwetlands.com. Under these circumstances, the causation and redressability components of standing are not satisfied. *Jacobson,* 957 F.3d at 1207-12 (plaintiff lacked standing to sue Secretary of State over structure of ballots because Supervisor of Election, not Secretary of State, was responsible for printing ballots). Therefore, Tomellari's claims against GCLW should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, I hereby **RECOMMEND** that Defendants' Motion to Dismiss (ECF No. 77) be **GRANTED IN PART AND DENIED IN PART.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern

---

*County,* 493 U.S. 20, 26, 31, 110 S. Ct. 304, 107 L.Ed.2d 237 (1989) (Resource Conservation and Recovery Act of 1976 notice provision)—district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works.

*Reed Elsevier, Inc., supra,* at 171.

District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE AND SUBMITTED** in Chambers this 16th day of July 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE