UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-81080-ROSENBERG/REINHART

JOSEPH R. TOMELLERI,

    Plaintiff,

v.

JOHN N. NATALE JR., et al.,

    Defendants.
_____/

## ORDER GRANTING LEAVE TO AMEND AND DENYING ALL PENDING MOTIONS AS MOOT

This matter is before the Court upon Defendants' Motion for Judgment on the Pleadings [DE 76] and Defendants' Motion to Dismiss [DE 77]. Both Motions were referred to the Honorable Bruce E. Reinhart for a Report and Recommendation. On July 14, 2020, Judge Reinhart issued a Report and Recommendation recommending that Defendants' Motion for Judgment on the Pleadings be denied. On July 16, 2020, Judge Reinhart issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted in part and denied in part. The parties have filed objections to the Report and responses to the objections. The Court has conducted a *de novo* review of Magistrate Judge Reinhart's Recommendations, the objections, the responses, and the record and is otherwise fully advised in the premises.

The Court commends both Judge Reinhart and the attorneys for their thorough and thoughtful work in an interesting area of the law. The primary issue in dispute between the parties is whether Plaintiff's claims accrued at the time of injury—the injury rule—or at the time of discovery—the discovery rule. The Court's ruling on this issue warrants a brief explanation, and

each Motion is addressed in turn.

As to Defendants' Motion for Judgment on the Pleadings, the Court notes that even if the Court applies the standard requested by Plaintiff (the discovery rule), the Court would still have to consider when Plaintiff "should have" discovered his claim. As Plaintiff points out, the question of when he should have discovered his claim is a "fact intensive enterprise." *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008). And while Defendants have attempted to resolve this question of fact in their favor by citing to various public filings (an extensive list of Plaintiffs' prior cases appearing in PACER), the Court concludes that the best way to address this issue is in the context of a record with evidence outside of the four corners of Plaintiff's pleading— the type of evidence raised at the summary judgment stage of a case. Although the Court could defer a ruling on the Motion until a motion for summary judgment may be filed, the Court concludes below that Plaintiff is permitted to amend his complaint. Because Plaintiff is permitted to amend his complaint, Defendants' Motion is denied as a moot. The deadline for dispositive motions in this case is October 19, 2020. Should Defendants seek to re-raise the issues in their Motion after Plaintiff files his amended complaint, Defendants should do so in a motion for summary judgment.

As to Defendants' Motion to Dismiss, Judge Reinhart concluded that Plaintiff's claims should be dismissed in part because Plaintiff failed to state a claim against Defendant Gulf Coast Lakes and Wetlands, Inc. In his objections, Plaintiff requests leave to amend, representing that in such an amendment he will state a claim through additional factual allegations. DE 98 at 1. The Court grants that request. Because Plaintiff is permitted leave to amend, Defendants' Motion to Dismiss is due to be denied as moot.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff is granted leave to amend. Plaintiff shall file an amended complaint within five business days of the date of rendition of this Order. Defendants' answer or responsive motion shall be filed by October 19, 2020—the deadline for dispositive motions.

2. Because Plaintiff shall amend his complaint, all pending Motions and Reports are **DENIED AS MOOT**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 5th day of October, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE