UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:19-CV-81080-ROSENBERG/REINHART

JOSEPH R. TOMELLERI,

      Plaintiff,

v.

ORLANDO LAKES AND WETLANDS INC.,
JOHN N. NATALE JR., PALM BEACH
AQUATICS, INC., and GULF COAST LAKES
AND WETLANDS, INC.,

      Defendants.

_____/

## THIRD AMENDED COMPLAINT

COMES NOW Plaintiff Joseph R. Tomelleri ("Plaintiff" or "Tomelleri") and, for his Third Amended Complaint against John N. Natale, Jr. ("Defendant Natale"), Orlando Lakes and Wetlands, Inc. ("Defendant OLW"), Palm Beach Aquatics, Inc. ("Defendant PBA"), and Gulf Coast Lakes and Wetlands, Inc. ("Defendant GCLW") alleges and states as follows:

## JURISDICTION AND VENUE

1.      This claim is brought pursuant to 17 U.S.C. § 101, *et seq.*, for copyright infringement, and 17 U.S.C. § 1202, *et seq.,* for removal or alteration of copyright management information.

2.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b) because this case arises under the copyright laws of the United States. (17 U.S.C. § 101 et seq.).

3.      This Court also has original jurisdiction of pursuant to 28 U.S.C. 1332 (a) (1) because there is diversity of citizenship, and the matter exceeds the sum or value of $75,000.00, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over Defendant Natale because Defendant Natale is a resident of the State of Florida.

5. This Court has personal jurisdiction over Defendant OLW because Defendant OLW is incorporated in the State of Florida and has its principal place of business in the State of Florida.

6. This Court has personal jurisdiction over Defendant PBA because Defendant PBA is incorporated in the State of Florida and has its principal place of business in the State of Florida.

7. This Court has personal jurisdiction over Defendant GCLW because Defendant GCLW is incorporated in the State of Florida and has its principal place of business in the State of Florida

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

## **PARTIES**

9. Plaintiff is an adult individual and a resident of the State of Kansas.

10. Defendant Natale is an adult individual and a resident of the State of Florida.

11. Defendant OLW is a corporation incorporated in the State of Florida.

12. Defendant OLW's principal office is located at 1555 Folsom Road, Loxahatchee, Florida 33470.

13. Defendant OLW may be served through its registered agent, Les C. Shields at 685 Royal Palm Beach Blvd., Suite 205, Royal Palm Beach, Florida 33411.

14. Defendant PBA is a corporation incorporated in the State of Florida.

15. Defendant PBA's principal office is located at 1555 Folsom Road, Loxahatchee, Florida 33470.

16. Defendant PBA may be served through its registered agent, Les C. Shields at 685 Royal Palm Beach Blvd., Suite 205, Royal Palm Beach, Florida 33411.

17.     Defendant GCLW is a corporation incorporated in the State of Florida.

18.     Defendant GCLW's principal office is located at 1555 Folsom Road, Loxahatchee, Florida 33470.

19.     Defendant GCLW may be served through its registered agent, Les C. Shields at 685 Royal Palm Beach Blvd., Suite 205, Royal Palm Beach, Florida 33411.

## PLAINTIFF'S BACKGROUND AND WORKS

20.     Plaintiff is an artist and a trained biologist who has spent most of his working life collecting, studying, and illustrating North American fish species.

21.     Over a thirty plus (30+) year career, Plaintiff has created over one thousand (1,000) hand drawn illustrations of fish in various life cycles. The illustrations include over nine hundred (900) unique species.

22.     Plaintiff's illustrations are used by scientists all over the world, and he is recognized as one of the world's preeminent fresh water fish illustrators.

23.     For each illustration, Plaintiff puts in many hours observing, researching, and collecting fish species in the field to prepare for drawing the illustration. Then, drawing the illustration takes Plaintiff many more hours.

24.     Plaintiff's illustrations have been published in many scientific studies, journals, books, magazines, and fish identification guides. Ichthyologists often use Plaintiff's illustrations to help better understand fish and their changing ecosystems. They value Plaintiff's hand-drawn work over photographs because of Plaintiff's technique in depicting color patterns, fin arrangements and other significant diagnostic characteristics of a particular fish species in a particular life cycle.

25.     Plaintiff's work is identifiable by a standard "left-lateral" view, using Prismacolor as the primary medium.

26.     Plaintiff uses information gained from observing the fish in addition to his own skill and judgment to create illustrations which capture the significant diagnostic characteristics of each fish.

27.     Plaintiff is the owner of the website www.americanfishes.com ("Plaintiff's Website") where prints of his illustrations are available for purchase. Plaintiff's Website contains digital reproductions of Plaintiff's illustrations available for sale. Each image prominently displays one or more copyright notices as in the below example.



*Example of one of Plaintiff's illustration on Plaintiff's Website*

28.     Plaintiff is the sole owner and proprietor of all rights, titles, and interest in, and to, the copyrights for illustrations for a number and variety of fish that include the fish illustrations at issue in this case (the "Works").

29.     Plaintiff is and always has been the exclusive owner of the Works.

30.     The Works are covered by copyright registrations owned by Plaintiff.

31.     The following table individually lists the Works at issue and the corresponding registration information:

| No. | Illustration | Reg. # | Reg. Date |
|-----|--------------|--------|-----------|
| 1 | Bluegill | VA 1 673 790 | 05/06/2009 |
| 2 | Largemouth Bass | TX 3 082 429 | 05/02/1991 |
| 3 | Grass Carp | TX 3 082 429 | 05/02/1991 |

32. Plaintiff's Website displays the following copyright management information at the bottom of every page: "©2016 Joseph R. Tomelleri."

33. As can be seen above and on Plaintiff's Website, Plaintiff's original illustrations typically display copyright management information prominently in at least two locations: to the bottom right corner of the illustration the phrase "©2016 Joseph R. Tomelleri" is displayed: and, directly below the illustration the title of the work and Plaintiff's name is displayed. In some instances, the indication that Plaintiff is the illustrator is present elsewhere near the image.

34. Similar copyright management information is typically provided in connection with Plaintiff's illustrations in the original publication in which they are featured.

35. Copyright management information may also be present in the metadata of electronic copies of each of Plaintiff's illustrations.

36. Plaintiff's copyright management information is written in clear, bold, large font which is easily seen by anyone viewing Plaintiff's illustrations. Such copyright management information immediately indicates the title of the illustration, Plaintiff as the author of the illustration, and Plaintiff as the holder of the copyrights in the illustration.

37. Such copyright management information is typically provided in connection with all of Plaintiff's illustration in whatever form, digital or print, that such work is published.

## CONDUCT OF DEFENDANTS OLW AND NATALE

38. Defendant OLW is a full service environmental lake management company specializing in lake and wetland restoration.

39. Defendant OLW owns and operates the website with the URL address www.orlandolakesandwetlands.com ("OLW's Website").

40.     Upon information and belief, OLW's Website is distributed nationwide and viewable by any individual with internet access.

41.     OLW's Website is used by Defendant OLW for commercial purposes, including advertising and promoting its business to the public.

42.     OLW's Website allows Defendant OLW's customers to submit work orders, request proposals, view updates, and login.

43.     On or about August 1, 2016, Plaintiff discovered that Defendant OLW, without authorization, reproduced and displayed the Works on OLW's Website.

44.     Upon information and belief, Defendant Natale modified the Works, creating derivative versions of the Works, and reproduced the Works and/or their derivatives onto OLW's Website.

45.     Upon information and belief, Defendant Natale was acting in his capacity as an employee of OLW.

46.     Upon information and belief, Defendant OLW had the right and ability to control Defendant Natale's actions in adding the infringing material to OLW's Website, owned by Defendant OLW.

47.     Upon information and belief, the Works on OLW's Website were viewed by individuals all over the country.

48.     Upon information and belief, Tomelleri's typical copyright management information was present on or near each of Works when they were appropriated by Defendants OLW and Natale.

49.     In displaying the Works, Defendants OLW and Natale did not provide any of Plaintiff's copyright management information.

50.     Upon information and belief, Defendants OLW and Natale intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Works.

51.     Defendants OLW and Natale provided the following copyright management information on the webpage where it displayed the Works: "OrlandoLakesandWetlands.com © 2008".

52.     Furthermore, Defendants provided Defendant OLW's trademark directly adjacent to the Works.

53.     Defendants intentionally affixed these marks, attributing the Works to Defendant OLW.

54.     The copyright management provided by Defendants OLW and Natale in association with each of the Works is false.

55.     Upon information and belief, Defendants OLW and Natale knew such copyright management information was false.

56.     Upon information and belief, Defendants OLW and Natale provided such false copyright management information to conceal their own infringement.

57.     On April 19, 2017, Plaintiff, through counsel, first sent notice of copyright infringement to Defendants OLW and Natale, alerting those Defendants OLW and Natale to the unauthorized use of the Works.

58.     Nonetheless, in June of 2019, Plaintiff discovered that Defendants OLW and Natale were still displaying at least one (1) of the Works on OLW's Website, specifically the Grass Carp.

59.     As previously, in displaying the Grass Carp, Defendants OLW and Natale did not provide any of Plaintiff's copyright management information

60.     As previously, Defendants OLW and Natale provided the following copyright management information on the webpage where it displayed the Grass Carp: "OrlandoLakesandWetlands.com © 2008".

61.     Upon information and belief, Defendants OLW and Natale knew such copyright management information was false, in particular because Defendants OLW and Natale had previously been notified as such by Plaintiff.

62.     Upon information and belief, Defendants OLW and Natale provided such false copyright management information to conceal their own continued infringement from Plaintiff and others.

## CONDUCT OF DEFENDANTS PBA AND NATALE

63.     Defendant PBA is a full service environmental management company specializing in law and wetland restoration.

64.     Defendant PBA owns and operates the website with the URL address www.pbaquatics.com ("PBA's Website").

65.     Upon information and belief, PBA's Website is distributed nationwide and viewable by any individual with internet access.

66.     PBA's Website is used by Defendant PBA for commercial purposes, including advertising and promoting its business to the public.

67.     PBA's Website allows Defendant PBA's customers to submit work orders, request proposals, view updates, and login.

68.     On or about May 2017, Plaintiff discovered that Defendant PBA, without authorization, reproduced and displayed the Works on PBA's Website.

69.     Upon information and belief, Defendant Natale modified the Works, creating derivative versions of the Works, and reproduced the Works and/or their derivatives onto PBA's Website.

70.     Upon information and belief, Defendant Natale was acting in his capacity as an employee of PBA.

71.     Upon information and belief, Defendant PBA had the right and ability to control Defendant Natale's actions in adding the infringing material to PBA's Website, owned by Defendant PBA.

72.     Upon information and belief, the Works on PBA's Website were viewed by individuals all over the country.

73.     Upon information and belief, Tomelleri's typical copyright management information was present on or near each of Works when they were appropriated by Defendants PBA and Natale.

74.     In displaying the Works, Defendants PBA and Natale did not provide any of Plaintiff's copyright management information.

75.     Upon information and belief, Defendants PBA and Natale intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Works.

76.     Defendants PBA and Natale provided the following copyright management information on the webpage where it displayed the Works: "PBAquatics.com © 2008".

77.     Furthermore, Defendants PBA and Natale provided Defendant PBA's trademark directly adjacent to the Works.

78.     Defendants PBA and Natale intentionally affixed these marks, attributing the Works to Defendant PBA.

79.     The copyright management provided by Defendants PBA and Natale in association with each of the Works is false.

80.     Upon information and belief, Defendants PBA and Natale knew such copyright management information was false.

81.     Upon information and belief, Defendants PBA and Natale provided such false copyright management information to conceal their own infringement.

## CONDUCT OF DEFENDANTS GCLW AND NATALE

82.     Defendant GCLW is a full service environmental management company specializing in law and wetland restoration.

83.     Defendant GCLW owns and operates the website with the URL address www.gulfcoastlakesandwetlands.com ("GCLW's Website").

84.     Upon information and belief, GCLW's Website is distributed nationwide and viewable by any individual with internet access.

85.     GCLW's Website is used by Defendant GCLW for commercial purposes, including advertising and promoting its business to the public.

86.     GCLW's Website allows Defendant GCLW's customers to submit work orders, request proposals, view updates, and login.

87.     On or about February 2020, Plaintiff discovered that Defendant GCLW, without authorization, reproduced and displayed the Works on GCLW's Website.

88.     Upon information and belief, Defendant Natale modified the Works, creating derivative versions of the Works, and reproduced the Works and/or their derivatives onto GCLW's Website.

89.     Upon information and belief, Defendant Natale was acting in his capacity as an employee of GCLW.

90.     Upon information and belief, Defendant GCLW had the right and ability to control Defendant Natale's actions in adding the infringing material to GCLW's Website, owned by Defendant GCLW.

91.     Upon information and belief, the Works on GCLW's Website were viewed by individuals all over the country.

92.     Plaintiff subsequently learned that GCLW owns and operates a Facebook page located at the URL address www.facebook.com/GulfCoastLakesandWetlands1 ("GCLW FB Page").

93.     Plaintiff learned that on April 19, 2014, Plaintiff's grass carp illustration was posted and displayed on the GCLW FP Page.

94.     Plaintiff's copyright management information "© Joseph Tomelleri" was present adjacent to Plaintiff's grass carp illustration.

95.     Therefore, upon information and belief, GCLW willfully infringed when posting and displaying Plaintiff's grass carp illustration.

96.     Upon information and belief, Tomelleri's typical copyright management information was present on or near each of Works when they were appropriated by Defendants GCLW and Natale.

97.     In displaying the Works, Defendants GCLW and Natale did not provide any of Plaintiff's copyright management information.

98.     Upon information and belief, Defendants GCLW and Natale intentionally removed all of Plaintiff's copyright management information which was previously present on and near each of the Works.

99.     Defendants GCLW and Natale provided the following copyright management information on the webpage where it displayed the Works: "GulfCoastLakesandWetlands.com © 2008".

100.    Furthermore, Defendants GCLW and Natale provided Defendant GCLW's trademark directly adjacent to the Works.

101.    Defendants GCLW and Natale intentionally affixed these marks, attributing the Works to Defendant GCLW.

102.    The copyright management provided by Defendants GCLW and Natale in association with each of the Works is false.

103.    Upon information and belief, Defendants GCLW and Natale knew such copyright management information was false.

104.    Upon information and belief, Defendants GCLW and Natale provided such false copyright management information to conceal their own infringement.

**COUNT I - COPYRIGHT INFRINGEMENT
AGAINST DEFENDANTS OLW AND NATALE**
**(17 U.S.C. § 501)**

105.    Plaintiff restates the allegations contained paragraphs 20 through 62 as if fully set forth herein.

106.    Plaintiff has valid copyrights and copyright registrations for each of the Works.

107.    Defendants OLW and Natale have jointly and separately infringed Plaintiff's copyrights in the Works by preparing derivative works based upon the Works and by reproducing, distributing, and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq*.  Such infringement was either non-willful, or alternatively, was committed willfully.

108.    To the extent that Defendants OLW and Natale do not acknowledge copying the Works, Defendants OLW and Natale had access to the Works and the images used by Defendants OLW and Natale are strikingly similar to the Works.

109.    As a result of Defendants OLW and Natale's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendants OLW and Natale's profits that should be disgorged to Plaintiff.

**COUNT II - COPYRIGHT INFRINGEMENT
AGAINST DEFENDANTS PBA AND NATALE**
**(17 U.S.C. § 501)**

110.    Plaintiff restates the allegations contained paragraphs 20 through 37 and 63 through 81 as if fully set forth herein.

111.    Plaintiff has valid copyrights and copyright registrations for each of the Works.

112.    Defendants PBA and Natale have jointly and separately infringed Plaintiff's copyrights in the Works by preparing derivative works based upon the Works and by reproducing, distributing, and publicly displaying unauthorized copies of the Works within the United States of America in violation of 17 U.S.C. § 101, *et seq.* Such infringement was either non-willful, or alternatively, was committed willfully.

113.    To the extent that Defendants PBA and Natale do not acknowledge copying the Works, Defendants PBA and Natale had access to the Works and the images used by Defendants PBA and Natale are strikingly similar to the Works.

114.    As a result of Defendants PBA and Natale's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendants PBA and Natale's profits that should be disgorged to Plaintiff.

**COUNT III - COPYRIGHT INFRINGEMENT
AGAINST DEFENDANTS GCLW AND NATALE**
**(17 U.S.C. § 501)**

115.    Plaintiff restates the allegations contained in paragraphs 20 through 37 and 82 through 104 as if fully set forth herein.

116.     Plaintiff has valid copyrights and copyright registrations for each of the Works.

117.     Defendants GCLW and Natale have jointly and separately infringed Plaintiff's copyrights in the Works by preparing derivative works based upon the Works and by reproducing, distributing, and publicly displaying unauthorized copies of the Works on a website and Facebook page owned and controlled by them in violation of 17 U.S.C. § 101, *et seq*.  Such infringement was either non-willful, or alternatively, was committed willfully.

118.     To the extent that Defendants GCLW and Natale do not acknowledge copying the Works, Defendants GCLW and Natale had access to the Works and the images used by Defendants GCLW and Natale are strikingly similar to the Works.

119.     As a result of Defendants GCLW and Natale's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and Defendants GCLW and Natale's profits that should be disgorged to Plaintiff.

## COUNT IV –PROVIDING AND DISTRIBUTING FALSE COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS OLW AND NATALE
### (17 U.S.C. § 1202(a))

120.     Plaintiff restates the allegations contained in paragraphs 20 through 62 as if fully set forth herein.

121.     The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

122.     Defendants OLW and Natale have knowingly and intentionally provided copyright management information for the Works that is false and has distributed copyright management information for the Works that is false in violation of 17 U.S.C. § 1202(a).

123.    Defendants OLW and Natale have provided and distributed such false copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

124.    By reason of Defendants OLW and Natale's conduct, Defendants OLW and Natale have made it difficult for Plaintiff to discover the infringement.

## COUNT V - PROVIDING AND DISTRIBUTING FALSE COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS PBA AND NATALE
### (17 U.S.C. § 1202(a))

125.    Plaintiff restates the allegations contained in paragraphs 20 through 37 and 63 through 81 as if fully set forth herein.

126.    The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

127.    Defendants PBA and Natale have knowingly and intentionally provided copyright management information for the Works that is false and has distributed copyright management information for the Works that is false in violation of 17 U.S.C. § 1202(a).

128.    Defendants PBA and Natale have provided and distributed such false copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

129.    By reason of Defendants PBA and Natale's conduct, Defendants PBA and Natale have made it difficult for Plaintiff to discover the infringement.

## COUNT VI - PROVIDING AND DISTRIBUTING FALSE COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS GCLW AND NATALE
### (17 U.S.C. § 1202(a))

130.    Plaintiff restates the allegations contained in paragraphs 20 through 37 and 82 through 104 as if fully set forth herein.

131.    The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

132.    Defendants GCLW and Natale have knowingly and intentionally provided copyright management information for the Works that is false and has distributed copyright management information for the Works that is false in violation of 17 U.S.C. § 1202(a).

133.    Defendants GCLW and Natale have provided and distributed such false copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

134.    By reason of Defendants GCLW and Natale's conduct, Defendants GCLW and Natale have made it difficult for Plaintiff to discover the infringement.

## COUNT VII – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS OLW AND NATALE
### (17 U.S.C. § 1202(b))

135.    Plaintiff restates the allegations contained in paragraphs 20 through 62 as if fully set forth herein.

136.    The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

137.    Defendants OLW and Natale have intentionally removed such copyright management information from the Works, without permission, as and when the Works were uploaded to OLW's Website in violation of 17 U.S.C. § 1202(b).

138.    Defendants OLW and Natale have removed such copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

139.     By reason of Defendants OLW and Natale's conduct, Defendants OLW and Natale have made it difficult for Plaintiff to discover the infringement.

### COUNT VIII - REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS PBA AND NATALE
### (17 U.S.C. § 1202(b))

140.     Plaintiff restates the allegations contained in paragraphs 20 through 37 and 63 through 81 as if fully set forth herein.

141.     The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

142.     Defendants PBA and Natale have intentionally removed such copyright management information from the Works, without permission, as and when the Works were uploaded to PBA's Website in violation of 17 U.S.C. § 1202(b).

143.     Defendants PBA and Natale have removed such copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

144.     By reason of Defendants PBA and Natale's conduct, Defendants PBA and Natale have made it difficult for Plaintiff to discover the infringement.

### COUNT IX - REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS GCLW AND NATALE
### (17 U.S.C. § 1202(b))

145.     Plaintiff restates the allegations contained in paragraphs 20 through 37 and 82 through 104 as if fully set forth herein.

146.     The Works contained copyright management information as defined in 17 U.S.C. § 1202(c).

147.     Defendants GCLW and Natale have intentionally removed such copyright management information from the Works, without permission, as and when the Works were uploaded to GCLW's Website in violation of 17 U.S.C. § 1202(b).

148.     Defendants GCLW and Natale have removed such copyright management information with the intent to conceal their own infringement of the Works and induce, enable, and facilities others' infringement of the Works.

149.     By reason of Defendants GCLW and Natale's conduct, Defendants GCLW and Natale have made it difficult for Plaintiff to discover the infringement.

## COUNT X – VICARIOUS INFRINGEMENT FOR OLW'S DIRECT INFRINGEMENT AGAINST DEFENDANT NATALE
### (Common Law)

150.     Plaintiff restates the allegations contained in paragraphs 20 through 62 as if fully set forth herein.

151.     To the extent Defendant Natale is not also directly liable for OLW's infringement, Defendant Natale is vicariously liable for copyright infringement.

152.     Defendant Natale, as an officer of Defendant OLW, exercised control over Defendant OLW, which infringed the Works.

153.     Defendant Natale derived direct financial benefits from the infringement of the Works by Defendant OLW.

## COUNT XI – VICARIOUS INFRINGEMENT FOR PBA'S DIRECT INFRINGEMENT AGAINST DEFENDANT NATALE
### (Common Law)

154.     Plaintiff restates the allegations contained in paragraphs 20 through 37 and 63 through 81 as if fully set forth herein.

155.     To the extent Defendant Natale is not also directly liable for PBA's infringement, Defendant Natale is vicariously liable for copyright infringement.

156.     Defendant Natale, as an officer of Defendant PBA, exercised control over Defendant PBA, which infringed the Works.

157.     Defendant Natale derived direct financial benefits from the infringement of the Works by Defendant PBA.

## COUNT XII – VICARIOUS INFRINGEMENT FOR GCLW'S DIRECT INFRINGEMENT AGAINST DEFENDANT NATALE
### (Common Law)

158.     Plaintiff restates the allegations contained in paragraphs 20 through 37 and 82 through 104 as if fully set forth herein.

159.     To the extent Defendant Natale is not also directly liable for GCLW's infringement, Defendant Natale is vicariously liable for copyright infringement.

160.     Defendant Natale, as an officer of Defendant GCLW, exercised control over Defendant GCLW and/or its agents, which infringed the Works by displaying them on a website and Facebook page owned and controlled by Natale.

161.     Defendant Natale derived direct financial benefits from the infringement of the Works by Defendant GCLW.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendants as follows:

a.   For Counts I through III, under 17 U.SC. § 502, grant temporary and final injunctions on such terms as deemed reasonable to prevent or restrain infringement of Plaintiff's copyrights;

b.   For Counts I through III, under 17 U.S.C. § 503, order the impounding and ultimately destruction, on such terms as deemed reasonable, of any records or material involved in Defendants' copyright infringement;

c.   For Count I, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants OLW and Natale, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed;

d.   For Count X, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants Natale for vicarious infringement for Defendant OLW's direct infringement, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed for vicarious infringement;

e.   For Count II, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants PBA and Natale, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed;

f.   For Count XI, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants Natale for vicarious infringement for Defendant PBA's direct infringement, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed for vicarious infringement;

g.   For Count III, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants GCLW and Natale, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed;

h.   For Count XII, under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants Natale for vicarious infringement for Defendant GCLW's direct

infringement, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed for vicarious infringement;

i.   For Counts I through III and X through XII, under 17 U.S.C. § 505, award costs to Plaintiff;

j.   For Counts I through III and X through XII, under 17 U.S.C. § 505, as the prevailing party in a Copyright lawsuit, award to Plaintiff reasonable attorney's fees;

k.   For Counts IV through IX, under 17 U.S.C. § 1203(b)(1), grant a temporary and permanent injunctions on such terms as deemed reasonable to prevent or restrain a further violation;

l.   For Counts IV through IX, under 17 U.S.C. § 1203(b)(2), order the impounding, on such terms as deemed reasonable, any device or product that is in the custody or control of Defendants that the court has reasonable cause to believe was involved in a violation;

m.   For Counts IV and VII, under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendants OLW and Natale in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation;

n.   For Counts V and VIII, under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendants PBA and Natale in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation;

o.   For Counts VI and IX, under 17 U.S.C. § 1203(b)(3), either the actual damages and any additional profits of Defendants GCLW and Natale in accordance with 17 U.S.C. § 1203(c)(2) or, if Plaintiff so elects before judgment is entered, statutory damages up to $25,000 for each violation;

p.   For Counts IV and VII, under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendants OLW and Natale are found to have violated § 1201 or § 1202 within the past three years;

q.  For Counts V and VIII, under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendants PBA and Natale are found to have violated § 1201 or § 1202 within the past three years;

r.  For Counts VI and IX, under 17 U.S.C. § 1203(c)(4), award to Plaintiff treble its award for damages under 17 U.S.C. § 1203(b)(3) if Defendants GCLW and Natale are found to have violated § 1201 or § 1202 within the past three years;

s.  For Count IV through IX, under 17 U.S.C. § 1203(b)(4), award costs to Plaintiff;

t.  For Count IV through IX, under 17 U.S.C. § 1203(b)(5), award reasonable attorney's fees to Plaintiff;

u.  For Count IV through IX, under 17 U.S.C. § 1203(b)(6), order the remedial modification or the destruction of any device or product involved in the violation that is in the custody or control of Defendants or has been impounded under paragraph 17 U.S.C. § 1203(b)(2);

v.  Awarding Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

w.  Grant to Plaintiff such further relief as may be equitable and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  October 12, 2020.

Respectfully submitted,

**EVANS & DIXON, LLC**


/s/ Steve H. Mustoe
Steven H. Mustoe (admitted pro hac vice)
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: 913-701-6810
Facsimile: 913-341-2293
Email: copyright@evans-dixon.com

and

/s/ S. Brian Bull
S. Brian Bull, FBN 363,560
SCOTT, HARRIS, BRYAN, BARRA &
JORGENSEN, P.A.
4400 PGA Boulevard, Suite 603
Palm Beach Gardens, Florida 33410
Telephone: 561-624-3900
Facsimile: 561-624-3533
Email: sbbull@scott-harris.com

**ATTORNEYS FOR PLAINTIFF**
**JOSEPH R. TOMELLERI**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2020 a true and correct copy of the foregoing was served by CM/ECF on all counsel on the Service List below.

/s/ S. Brian Bull
S. Brian Bull (FNB 363560)

## SERVICE LIST

**<u>Attorneys for Defendants</u>**
Edward F. McHale
Andrew D. Lockton
MCHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone: (561) 625-6575
Facsimile: (561) 625-6572
E-mail: litigation@mchaleslavin.com

**<u>Co-Counsel for Plaintiff</u>**
Steven H. Mustoe (*pro hac vice*)
Oliver P. Maguire
EVANS & DIXON LLC
10851 Mastin Boulevard, Suite 900
Overland Park, KS 66210
Telephone: (913) 701-6810
Email: kccivillit@evans-dixon.com
omaguire@evans-dixon.com