### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 19-81080-CIV-ROSENBERG/MAYNARD

**JOSEPH R. TOMELLERI**,

     Plaintiff,

v.

**JOHN N. NATALE, JR.,** et al.,

     Defendants.

_____/

### REPORT AND RECOMMENDATION

The instant litigation pertains to Defendants' motions for fees, costs and sanctions following Plaintiff's voluntary dismissal of this copyright infringement action.   The underlying case was litigated for nearly one-and-one-half years prior to its dismissal.   As demonstrated by the procedural history discussed below, Defendants actively defended against Plaintiff's claims. Defendants now seek reimbursement for their considerable fees and expenses.

The Honorable Robin L. Rosenberg, United States District Judge, has referred Defendants' four pending motions regarding fees, costs and sanctions to me for appropriate disposition.   DE 164.   The motions are: Defendants' Motion for Attorneys' Fees and Costs ("Motion for Fees and Costs") (DE 143), Defendants' Motion for Taxation of Costs ("Motion to Tax Costs") (DE 144), Defendants' Motion for Sanctions ("Motion for Sanctions") (DE 145), Defendants' Rule 11 Motion for Sanctions ("Motion for Rule 11 Sanctions") (DE 146), and Defendants' Motion to Compel Production of Documents ("Motion to Compel") (DE 151).   I have reviewed the motions, the responses (DE 152; DE 153; DE 155; DE 156; DE 160), the replies (DE 163; DE 159; DE 161;

DE 162; DE 165) and the record.[1]   Being otherwise duly advised, I respectfully **RECOMMEND**

that the motions be **DENIED** as set forth below.

## BACKGROUND

The parties' dispute arises from Plaintiff's allegations that Defendants, without

authorization, displayed on their websites fish illustrations for which Plaintiff owned the

copyrights.   DE 90 at 3-4; DE 106 at 3-14.   Plaintiff is an artist and trained biologist, who has

spent most of his career collecting, studying and illustrating North American fish.   DE 106 at ¶20.

Plaintiff initiated this action on July 31, 2019 against Defendants John N. Natale, Jr. ("Natale")

and Orlando Lakes and Wetlands, Inc. ("OLW"). Defendant OLW provides services for

environmental lake management and specializes in lake and wetland restoration.   DE 106 at ¶38.

The corporate Defendants in this case employ Defendant Natale.   *Id.* at ¶¶45, 70, 89.   DE 1. On

December 9, 2019, Defendants filed their Answer and affirmative defenses.   DE 17.   On

February 18, 2020, Defendants file their *amended* Answer and affirmative defenses.   DE 29.

With leave from the Court, Plaintiff filed a First Amended Complaint on March 4, 2020

adding Defendants Palm Beach Aquatics, Inc. ("PBA") and Gulf Coast Lakes and Wetlands, Inc.

("GCLW").   DE 38.   PBA and GCLW are environmental management companies specializing

in lake and wetland restoration.   DE 106 at ¶¶63, 82.   On March 18 and March 27, 2020,

Defendants filed motions to dismiss the First Amended Complaint arguing, in part, that it was a

shotgun pleading.   DE 54, 57.   On March 30, 2020, United States Magistrate Judge Bruce E.

Reinhart issued a Report and Recommendation ("R&R") recommending that the motions to

---

[1] Plaintiff and Defendants request oral argument.   DE 143 at 6; DE 145 at 6; DE 161 at 4; DE 162 at 4; DE 163 at 4; DE 152.   I find, however, that the record in this case is sufficient to resolve the motions at issue.   Therefore, I decline the invitation to hold a hearing for oral argument.

dismiss be granted.   DE 59.   Judge Rosenberg adopted the R&R and dismissed the First

Amended Complaint, permitting Plaintiff leave to amend and re-file it by April 14, 2020.   DE 68.

Plaintiff then filed his Second Amended Complaint on April 13, 2020.   DE 69.   The Second

Amended Complaint added claims for: (1) Providing and Distributing False Copyright

Management Information in violation of 17 U.S.C. § 1202(a) (Counts 4, 5 and 6); (2) Removal of

Copyright Management Information in violation of 17 U.S.C. § 1202(b) (Counts 7, 8 and 9); and

(3) Vicarious Infringement under the Common Law (Counts 10, 11 and 12).   *Id.*   Defendants

answered the Second Amended Complaint on April 27, 2020.   DE 71. Then, on May 29, 2020,

Defendants filed a motion for judgment on the pleadings arguing, *inter alia*, that Plaintiff's claims

were time-barred because they accrued by 2008 and were outside the three-year statute of

limitations period under the Copyright Act (DE 76 at 14, 25).[2]   Defendants also argued that, even

if Plaintiff did not discover the purported infringement until August 1, 2016 as Plaintiff alleged,

the claims in the Second Amended Complaint were now time-barred because the Second Amended

Complaint did not "relate back" to earlier pleadings.   *Id.* at 29.   On July 14, 2020, Judge Reinhart

recommended that Defendants' motion be denied. DE 90.

Defendants also filed, on May 29, 2020, a motion to dismiss the Second Amended

Complaint arguing that, because Plaintiff had not registered the works at issue in accordance with

§ 411(a), he lacked standing, which deprived the Court of subject matter jurisdiction.[3]   DE 77.

---

[2] The motion is titled: Defendants' Motion for Judgment on the Pleadings to Dismiss the Second Amended Complaint as Time-Barred Under the Copyright Act's Statute of Limitations, 17 U.S.C. § 507(b), with Incorporated Memorandum of Law.   DE 76.

[3] The motion is titled: Defendants' Motion to Dismiss Counts I-III and X-XII of the Second Amended Complaint Based on Plaintiff's Lack of Standing to Assert Claims for Copyright Infringement of the Works, with Incorporated Memorandum of Law.   DE 77.

On July 16, 2020, Judge Reinhart issued an R&R recommending that Defendants motion to dismiss be denied.   Judge Reinhart rejected Defendants' argument that the Court lacked subject matter jurisdiction due to Plaintiff not owning the registered copyrights as alleged in the Second Amended Complaint. [4]   *Id.* at 6-7 (citing authority holding that Section 411(a) is non-jurisdictional; therefore, Plaintiff's non-compliance would "not deprive this Court of subject matter jurisdiction").

On October 5, 2020, Judge Rosenberg denied as moot both of Defendants' motions (DE 76; DE 77) and permitted Plaintiff to again amend his complaint.[5]   DE 104 at 2.   Judge Rosenberg concluded that, even if the Court applied the "discovery rule" standard to Defendants' motion for judgment on the pleadings as requested by Plaintiff, considering when Plaintiff should have "discovered his claim" was a fact intensive inquiry.   *Id.* at 2.   Therefore, the Court found it best to address the issue of whether Plaintiff's claims were time-barred at the summary judgment stage of the litigation.   *Id.*   The Court gave Plaintiff until October 12, 2020 to file an amended complaint and Defendants until October 19, 2020 to file their answer or responsive motion.   *Id.* at 3.   The Court also ordered Defendants to file a motion for summary judgment after Plaintiff filed an amended complaint if they sought to re-raise the issues in their motion for judgment on the pleadings.   *Id.* at 2.

---

[4] The Court recommended granting dismissal of the Counts against Defendant GCLW because the "uncontroverted evidence establishe[d] that [Defendant GCLW] does not own or operate the website [at issue]."

[5] The Court also denied the R&Rs (DE 90; DE 91) as moot.   DE 104 at 3.

On October 12, 2020, Plaintiff filed his Third Amended Complaint.[6]   DE 106.   On October 19, 2020, Defendants filed an Answer (DE 107), a motion for judgment on the pleadings (DE 108),[7] and a motion to dismiss the counts against Defendant GCLW[8] (DE 109).

On October 26, 2020, Plaintiff filed a motion for voluntary dismissal without prejudice ("Motion for Voluntary Dismissal").   DE 110.   In the Motion for Voluntary Dismissal, Plaintiff averred that legal fees had risen to such a level that it was no longer economical for Plaintiff to pursue fair compensation for the three fish illustrations at issue.   DE 110 at 1.   Defendant opposed Plaintiff's motion for voluntary dismissal unless it was conditioned upon Plaintiff reimbursing Defendants for reasonable fees and costs incurred in this litigation.   DE 117 at 6-7. Defendants argued, among other things, that Plaintiff had remained "willfully blind" to his meritless case throughout the litigation, sought an unwarranted settlement from an insurance carrier and intentionally dismissed the case only at the stage where he would be forced to address its merits.[9]   DE 117 at 6.   Plaintiff countered that, in the alternative, the dismissal could be

---

[6] The Third Amended Complaint added factual allegations that Defendant GCLW owned and operated a Facebook page, and Plaintiff learned that his grass carp illustration was posted and displayed on the page on April 19, 2014.   DE 106 at ¶¶92-93.   Plaintiff further alleged that Defendants GCLW and Natale provided GCLW's copyright management information on the page where Plaintiff's illustrations were displayed.   *Id.* at ¶99.

[7] The motion is titled: Defendants' Motion for Judgment on the Pleadings for Certain Counts of the Third Amended Complaint on the Plea[d]ings and to Dismiss Counts III VI, and IX for Lack of Standing, with Incorporated Memorandum of Law.   DE 108.

[8] Defendants' motion to dismiss contends that State of Florida records indicate that Defendant PBA registered the fictitious name "Gulf Coast Lakes and Wetlands."   DE 109 at 4.   Further, Defendants argue that the Facebook page, which Plaintiff references in the Third Amended Complaint, is not owned or operated by Defendant GCLW.   *Id.*

[9] Defendants alleged that Plaintiff moved to dismiss the case on the day before his deposition. DE 117 at 6.

conditioned "so that, should plaintiff re-file his action, the court will award costs and fees not useful in the subsequent lawsuit."   DE 110 at 1-2 (citing cases).

On November 12, 2020, the Court granted the parties' joint motion to extend the dispositive motion deadline and remaining trial deadlines.   DE 124.   The parties then engaged in mediation on November 25, 2020; however, the case did not settle.   DE 128.

On January 14, 2021, the Judge Rosenberg held a Status Conference with the parties to discuss the various pending motions in the case.   DE 143-3 at 279-90, 2:25-9:3.   At the hearing, Judge Rosenberg observed that "even if the Defendants were successful on all of their pending motions . . . a couple of the counts would [nonetheless] survive."   *Id.* at 280, 7:4-6.   She also cautioned Defendants that "a lot of things need to happen before . . . [they] get attorney's fees" and precedent favored dismissal "perhaps without prejudice, but if refiled, the Plaintiff has to pay all of the prior attorney's fees incurred, assuming there is a relationship between the old claims and the refiled claims."[10]   *Id.* at 280, 8:5-13; 282, 16:24-17-3.   Judge Rosenberg noted that she had reached a similar outcome in *Inspired Dev. Grp., LLC f. Inspired Prod. Grp., LLC*, No. 9:16-CV-80076-RLR, 2017 WL 9672799, at *1 (S.D. Fla. Jan. 13, 2017) (Rosenberg, J.).   *Id.* at 282, 16:23-17:3.   In *Inspired*, Judge Rosenberg conditionally granted a motion for voluntary dismissal of a party's claims with the caveat that, if the party later refiled the dismissed claims, it would first have to pay fees and costs not useful in the subsequent lawsuit that the opposing party incurred in connection with those claims.   2017 WL 9672799 at *1, *3 (citing *Pontenberg v. Bos. Sci. Corp.*,

---

[10] A District Court adequately addresses any financial prejudice suffered by a defendant by conditioning the voluntary dismissal on payment of costs in the event that a plaintiff refiles the action.   *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001).

252 F.3d 1253 (11th Cir. 2001)).

Judge Rosenberg confirmed that "neither side oppose[d] the Court entering an order consistent with how it handled the *Inspired* case," 2017 WL 9672799.   DE 143-3 at 283, 18:22-19:4.   The Court subsequently issued an Order granting Plaintiff's motion for voluntary dismissal with the following conditions.   DE 133.   First, in the event that Plaintiff refiled his claims at a later date, the Court required such filing to be preceded by a full payment to Defendants of attorney fees and costs incurred in this case which were not useful in a subsequent lawsuit.   *Id.* at 2. Second, the Court specified that the "*dismissal without prejudice* [*would*] *not affect Defendants' ability to subsequently motion* for attorneys' fees and costs incurred" in the instant lawsuit.   *Id.* (emphasis added).   Defendants now move for fees, costs and sanctions.   DE 143; DE 144; DE 145; DE 146.   These motions are now ripe for review.

## DISCUSSION

### I.   Defendants' Motion for Fees and Costs (DE 143) and Motion to Tax Costs (DE 144)

Defendants seek their reasonable attorneys' fees and full costs "as the prevailing parties following the Court's Order, [(DE 133)], granting the Plaintiff's motion to voluntarily dismiss this action."   DE 143 at 1.   Specifically, Defendants seek **$335,968.50** in legal fees and **$9,238.22**[11] in non-taxable costs and expenses.   DE 143 at 10; DE 143-4 at ¶25.   Defendants also seek taxable costs of **$3,932.56** pursuant to 28 U.S.C. § 1920.   DE 144 at 1.

Plaintiff responds that these motions should be dismissed for several reasons.   First, Plaintiff says Defendants' motion for fees and costs fails to comply with the requirements of Local

---

[11] Defendants' motion reflects the amount as $9,238.20 and differs from the attached declaration, which itemizes amounts totaling to $9,238.22.   DE 143 at 10; DE 143-4 at ¶25.

Rules 7.1 and 7.3. DE 152 at 5-10. Plaintiff also argues that the motion should be denied because no Defendant is a prevailing party on any claim. DE 152 at 6, 10-14. Further, Plaintiff contends that Defendants cannot be entitled to fees under § 17 U.S.C. 505;[12] and, in any event, opposing counsel's fees are grossly excessive. DE 152 at 14-25. Lastly, Plaintiff argues that Defendants are not entitled to tax costs because they did not obtain a judgment. DE 153 at 1. I address each of these arguments below.

### A.    The Local Rules Do Not Bar Relief Sought

As a preliminary matter, I do not find that Motion for Fees and Costs should be denied for failure to comply with Local Rules 7.1 and 7.3.[13] DE 152 at 6-10. Plaintiff argues that the motion violates the Local Rules for several reasons as follows[14]:

    (i)    Plaintiff's counsel did not receive invoices as to the actual amounts that Defendants' counsel billed.[15]

---

[12] Section 505 refers to the Copyright Act's fee-shifting provision, which allows a district court to "'award a reasonable attorney's fee to the prevailing party.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1983 (2016) (quoting 17 U.S.C. § 505).

[13] Local Rule 7.1 instructs, as relevant here, that motions and their incorporated memorandum of law shall not exceed twenty pages unless a party receives prior court approval to exceed this maximum. S.D. Fla. L.R. 7.1(c)(2). Local Rule 7.3 pertains to motions for fees and costs and directs parties to file such motions only after making a good faith effort to resolve the motion by serving a draft of the motion upon the opposing party at least thirty days prior to the deadline for filing the motion. S.D. Fla. L.R. 7.3. Further, among other requirements, the motion must disclose the terms of any applicable fee agreement and describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920. S.D. Fla. L.R. 7.3(a)(4) and (6).

[14] I do not address Plaintiff's argument that the served forty-page declaration of Andrew D. Lockton, Esq. (DE 152-4) is different than the declaration filed (DE 143-1). DE 152 at 10. Plaintiff does not explain how the declarations are different or why the difference matters.

[15] Plaintiff's response references a letter dated April 16, 2021 that is addressed to Defendants'

      (ii)      The draft motion required by S.D. Fla. L.R. 7.3(b) was not exactly the same as the motion that was filed.

      (iii)     Terms of engagement were not sufficiently disclosed.

      (iv)     The billing descriptions are overly broad.

      (v)      The motion has not been properly verified.

      (vi)     The declaration of counsel attached to the motion is subversive of the page limit for memorandums of law.

DE 152 at 7-9.

As to Plaintiff's first alleged Local Rules' violation, Defendants argue that "copies of the billing invoices were sent to [     ] Plaintiff's counsel during the conferral process," which confirmed the information in computer printouts attached to counsel's declaration.   DE 163 at 13. Additionally, Defendants' motion includes an affidavit, which attaches copies of the billings statements that counsel sent to Defendants.   DE 143-4 at 5; DE 143-5 at 117-177.   Thus, I do not find that Defendants' motion should be denied under the Local Rules for a general failure to support amounts billed or for failure to support amounts that Defendants seek to have the Court award.

Regarding the second alleged violation, Defendants correctly argue that the Local Rules do not require a draft motion to be exactly the same as the motion that is filed.   DE 163 at 13.   As to the third alleged violation, one of the declarations attached to Defendants' motion confirms that

---

counsel, which objects to Defendants' entitlement to fees ("Letter").   DE 152-1.   The Letter complains that Plaintiff was unable to see and object to fees actually incurred because Defendants failed to provide billing invoices.   152-1 at 2.

there was no written fee agreement beyond early May 2020.[16]   DE 163 at 13; DE 143-4 at 4.
Rather, counsel explained the fee arrangement from this point forward.[17]   DE 143-4.   As such, I
do not find that Plaintiff's motion fails to comply with Local Rule 7.3 for either of these reasons.

As to the fourth alleged violation, I do not find that the billing descriptions are overly broad.
Plaintiff complains that the billing "is too broad to determine what was spent on each task, on each
claim, and on each Defendant."   DE 152 at 9.   As Plaintiff himself notes, however, Local Rule
7.3(a)(5) requires, in relevant part, that defense counsel explain the hours reasonably expended
and the tasks performed that pertain to those hours.   *Id.* at 8.   Defendants attach billing records
that account for time and tasks in significant detail.   DE 143-5 at 2-38.   Defendants also attach
billing statements that describe the time and the tasks performed.   *Id.* at 119-177.   As such, I find
that Plaintiff's argument as to the overall sufficiency of the billing descriptions to lack merit.

With respect to the fifth alleged violation, while Defendants did not include a "verification"
in their motion, I find that counsel's declaration suffices for purposes of certifying the correctness
of the amounts sought.   As Plaintiff notes, Defendants' motion does not contain a sworn statement
such as in the example that Plaintiff attaches in his response.   DE 152-5 at 8.   Instead, Edward F.

---

[16] As to Plaintiff's argument that counsel billed four hours to "prepare engagement materials," that
argument goes to the amount of fees, if any, that are reasonably reimbursable.   DE 152 at 8.   In
other words, the Court first determines entitlement and, if there is entitlement, the Court then
determines whether Defendants' counsel's billings for preparation of engagement materials that
did not get finalized are "reasonably" recoverable.

[17] Defendants' counsel explains that the insurance carrier, Crum & Foster, assumed responsibility
in early May 2020 for the new Defendants in the action.   DE 143-4 at 4.   Counsel states that an
adjuster confirmed via email that the insurance carrier would pay two-thirds of the billing for the
new Defendants and that the initial Defendants would pay one-third.   *Id.*   Further, counsel
attached an engagement letter with the initial Defendants.   DE 143-4 at 3; DE 143-5 at 40-41.

McHale, Esq. "declare[s] that the statements contained herein are true and correct, having knowledge of the penalties provided for the making of a false statement under 18 U.S.C. § 1001."[18] DE 143-4.   Plaintiff cites no authority to support that such a declaration is inadequate.   Indeed, under an analogous standard, verification in the form of an affidavit such as that provided here is sufficient.   *See Solorzano v. M.I. Quality Lawn Maint., Inc.*, No. 10-20506-CIV, 2013 WL 12244241, at *2 (S.D. Fla. Dec. 16, 2013) (noting that a bill of costs under 18 U.S.C. § 1924 requires verification in the form of an affidavit by a party or his agent having knowledge of the facts that the item of cost is correct and was necessarily incurred).   As such Defendants' Motion for Fees and Costs should not be denied for failure to provide a proper verification.

As to the sixth alleged violation, I do not agree with Plaintiff that Defendants have circumvented the twenty-page limit for memorandums of law under S.D. Fla. 7.1(c)(2). Specifically, Plaintiff takes issue with the forty-three-page declaration of Andrew D. Lockton, Esq. DE 152 at 9; DE 143-1.   The declaration, while lengthy, is a narrative history of the litigation in this case.   DE 143-1.   The declaration provides detailed descriptions of counsel's efforts in this case on specific dates, including interactions with opposing counsel.   *Id.*   Although counsel engages in argument in a few of the paragraphs, the declaration primarily provides explanation for the time that counsel spent litigating this case.   As such, I do not find that declaration represents an intent on the part of Defendants to circumvent the Local Rules.

---

[18] Title "18 U.S.C. § 1001 . . .   makes it a crime to make false statements or use false documents in a matter within federal jurisdiction [and] is a criminal statute that does not create a private cause of action."   *Thomas v. Franklin*, No. 8:19-CV-179-T-33TGW, 2019 WL 1281174, at *2 (M.D. Fla. Mar. 20, 2019) (citation omitted).

**B.**     <u>**Defendants are Not Prevailing Parties For Purposes of Awarding Fees and**</u>

<u>**Costs**</u>

Defendants seek their expenses as prevailing parties pursuant to the Copyright Act (DE 143

at 10); however, Plaintiff argues correctly that Defendants are not prevailing parties (DE 152 at

10-14).   The Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery
> of full costs by or against any party other than the United States or an officer
> thereof. Except as otherwise provided by this title, the court may also award a
> reasonable attorney's fee to the *prevailing party* as part of the costs.

17 U.S.C. § 505 (emphasis added).   Consistent with the material alteration test in *Buckhannon*

*Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598

(2001), courts in this circuit find that dismissals without prejudice in cases brought under the

Copyright Act do not confer prevailing party status for purposes of entitlement to fees and costs

pursuant to the Act's fee-shifting provision.   *See Kent v. Los Angeles Lakers, Inc.*, No. 12-21055-

CIV, 2013 WL 12382956, at *1 (S.D. Fla. Apr. 17, 2013), *report and recommendation adopted*,

No. 12-21055-CIV, 2013 WL 12382968 (S.D. Fla. Aug. 23, 2013) (citing *Buckhannon Board and*

*Care Home, Inc.*, 532 U.S. 598, hereinafter, *Buckhannon*).   As one court stated, "in determining

whether there is a 'prevailing party' under the *Buckhannon* test, the key inquiry is whether *some*

*court action* has created a material alteration of the legal relationship of the parties." *First Time*

*Videos, LLC v. Oppold,* No. 612CV1493ORL36KRS, 2013 WL 12094410, at *3 (M.D. Fla. Sept.

16, 2013), *aff'd*, 559 F. App'x 931 (11th Cir. 2014) (emphasis in original) (internal quotation

marks and citations omitted) (referencing *Buckhannon*, 532 U.S. at 605).

Here, Judge Rosenberg's Order (DE 133) granting Plaintiff's motion to dismiss without

prejudice did not constitute court action that materially altered the legal relationship of the parties.

Defendants argue that the order "include[d] a judicial *imprimatur* on the change in the legal relationship between the parties—the Plaintiff can never bring most, if not all, of his claims ever again." DE 143 at 10-11. The order did not, however, preclude Plaintiff from refiling his claims. Rather, the order made provision for Plaintiff to pay certain fees and costs incurred by Defendants *should* Plaintiff refile his claims. DE 133. Thus, given that Plaintiff's motion for voluntary dismissal was granted without prejudice (DE 133), I find that Defendants are not prevailing parties for purposes of entitlement to fees and costs under the Copyright Act. Nor have Defendants obtained a judgment entitling them to tax costs as a prevailing party pursuant to 28 U.S.C. § 1920. *See Parkes v. Hall*, 906 F.2d 658, 659 (11th Cir. 1990) (explaining that "28 U.S.C. § 1920 defines the costs which may be allowed to the prevailing party"). Accordingly, Defendants' Motion for Fees and Costs (DE 143) and their Motion to Tax Costs (DE 144) should be denied.

## II.   <u>Defendants' Motions for Sanctions (DE 145; DE 146)</u>

Defendants seek sanctions under 28 U.S.C. § 1927 and the Court's inherent authority on grounds that Plaintiff and his counsel's conduct in the instant action was abusive to the point of rising to the level of "an unconscionable scheme." DE 145 at 1, 7. Furthermore, Defendants seek sanctions pursuant to Federal Rule of Civil Procedure 11 on grounds that "Plaintiff's claims for infringement of the unregistered illustrations asserted in Counts I-III and X-XII of the Second Amended Complaint are objectively and patently frivolous."[19]   DE 146 at 1.

Plaintiff responds that the Motion for Sanctions should be denied because the motion is

---

[19] Defendants contend that "those claims should be dismissed[,] and Plaintiff's attorney and law firm should be monetarily sanctioned in an amount sufficient to compensate the Defendants for the reasonable attorneys' fees and costs incurred in defending those claims." DE 146 at 1.

frivolous and made on the basis of incorrect statements of law, misstated facts, and a novel theory of law.   DE 155 at 6.   Furthermore, Plaintiff argues that the Motion for Rule 11 Sanctions should be denied because, among other things, it is based on the allegation that Plaintiff did not register the illustrations at issue; however, Plaintiff avers that he did register the subject illustrations.   DE 156 at 7, 9-10.   Therefore, Plaintiff contends, for this reason and others, that his claim was not objectively frivolous under the facts or the law.   DE 156 at 14.

A.   **Sanctions are not Warranted under the Court's Inherent Authority or Section 1927**

As explained below, Defendants' arguments for sanctions under the Court's inherent authority and 28 U.S.C. § 1927 are unavailing.   A court may exercise [its inherent authority] power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (internal quotation marks omitted) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381 (2013)).   "The key to unlocking a court's inherent power is a finding of bad faith." *Id.* (citation omitted).   "[T]he inherent-powers standard is a subjective bad-faith standard." *Id.*   "[I]n the absence of direct evidence of subjective bad faith, th[e] standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith." *Id.* at 1224-25.   Furthermore, fees and costs awarded as a sanction for bad faith conduct must have a causal connection to the misconduct that resulted in the wronged party incurring such expenses. *Garcia v. Pajeoly Corp.*, No. 18-23399-CIV, 2019 WL 4670987, at *3 (S.D. Fla. Sept. 24, 2019).

Pursuant to § 1927:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.   "Three essential requirements must be satisfied to impose sanctions under § 1927: (1) the attorney's conduct must be unreasonable and vexatious; (2) the conduct must multiply the proceedings; and (3) the dollar amount of the sanctions cannot exceed the costs incurred because of the conduct."   *Agudelo v. Padron*, No. 18-22612-CIV, 2019 WL 4694145, at *1 (S.D. Fla. July 8, 2019) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).

"[A]n attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007) (internal quotation marks and citations omitted).   "[F]or purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct."   *Id.*   "[T]he district court must compare the attorney's conduct against the conduct of a 'reasonable' attorney and make a judgment about whether the conduct was acceptable according to some objective standard."   *Id.* at 1239-40.

Defendants bear the burden to demonstrate that Plaintiff or his counsel engaged in bad faith for purposes of unlocking the Court's inherent power.   *Gold Coast Prop. Mgmt., Inc. v. Valley Forge Ins. Co.*, No. 09-60029-CIV, 2010 WL 473197, at *2-*3 (S.D. Fla. Feb. 5, 2010). Defendants also bear the burden to demonstrate that Plaintiff's counsel's conduct warrants sanctioning pursuant to 28 U.S.C. § 1927.   *Id.* at *2.

Here, I do not find that Plaintiff or his counsel engaged in bad faith conduct nor that counsel

engaged in sanctionable conduct under § 1927. Defendants argue that Plaintiff voluntarily dismissed the action to avoid a merits determination, which saved the seventy-nine other closed cases that Plaintiff has filed where there were no merits determinations. DE 145 at 8. In sum, Defendants contend that Plaintiff and his counsel regularly exploit the likelihood of businesses having copyright infringement insurance and the high costs of defending suits for copyright infringement by filing and settling cases before the merits are addressed. *Id.* at 7-8; *see also id.* at 20 ("This is not the only case where Plaintiff and his counsel have pursued claims like these in bad-faith; they knowingly or recklessly pursued frivolous claims here because so far that conduct has resulted in numerous bad-faith settlements.").

Specifically, Defendants argue that Plaintiff pursued claims for unregistered works, and they contend that "copyright claims can only be brought *after* the copyright is registered." DE 145 at 7 (emphasis in original). Defendants provide several reasons for their position that Plaintiff's works are unregistered. *Id.* at 17-23. First, Defendants argue that Plaintiff wrongly asserted that registration certificates for two books included the illustrations at issue. *Id.* at 16-19 ("[T]his action was maintained on the legally frivolous argument that the registration of 'collective works' also registered the individual illustrations."). Second, Defendants argue that Plaintiff was not even claiming infringement of the exact illustrations in the books with respect to two of the three subject illustrations (the "Two Illustrations"). *Id.* at 21. According to Defendants, Plaintiff was instead claiming infringement of *modified versions* of the Two Illustrations, which made those versions separate works that were unregistered. *Id.* at 20-21. Third, Defendants argue that Plaintiff had assigned the copyrights for the Two Illustrations, while misrepresenting to Defendants and the Court that Plaintiff owned the copyrights in those illustrations. *Id.* at 21-22.

Page 16 of 26

Finally, Defendants point to Plaintiff's and his counsel's conduct with respect to settlement to bolster their argument that Plaintiff and his counsel pursued claims in bad faith for purposes of achieving a nuisance-value settlement.   *Id.* at 23-26.

Plaintiff argues that Defendants misapply the statutes that they cite to support their contention that his illustrations are unregistered because they are part of a "collective work." DE 155 at 7-8.   For one of the books at issue, Plaintiff asserts that his registration identifies that he is "Claimant for 'illustrations only'" rather than for the entire compilation.   *Id.* at 8.   In the case of the other book, Plaintiff asserts that his registration is "for authorship of the 2-D artwork." *Id.*   Plaintiff also avers that one District Court has examined his copyright claims for illustrations in the subject books and "enforced the copyright registrations as to the individual illustrations contained in the books."   *Id.* at 9 (citing *Tomelleri v. Zazzle, Inc.*, No. 13-CV-02576-EFM-TJJ, 2015 WL 8375083, at *4 (D. Kan. Dec. 9, 2015) (noting that Plaintiff's "illustrations are not individually registered . . . [but] are registered under seven different titles . . . [of which] six are books")).   In sum, Plaintiff asserts that he "filed suit based on a registered copyright of his original illustrations contained in books."   *Id.* at 11.

Furthermore, Plaintiff argues that, even if the registrations were not effective as to the individual illustrations, he could simply apply for registrations to correct the problem.   *Id.* at 11. In such a situation, Plaintiff argues that dismissal would be without prejudice to the filing of an amended complaint after the registration is obtained.   *Id.* at 12 (asserting that "curing a problem with registration is so easily done, no attorney would knowingly file a lawsuit based on unregistered copyrights").   As to Defendants' contention that he assigned his copyrights, Plaintiff argues that there has been no such assignment.   *Id.* at 12-13.   Plaintiff explains that Defendants

ignore a provision in the subject license agreement that recognizes Plaintiff's copyright to the illustrations.  *Id.* (referencing ¶10(b) of the Agreement (DE 145-3 at 11) stating that "[w]e agree to state on the copyright page of the work that the copyright to the fish illustrations belongs to [Plaintiff]").

Defendants reply that the *Zazzle* court did not analyze evidence and make a finding that the illustrations were registered.   DE 161 at 8.   Defendants also insist that, despite remarking that no attorney would knowingly file suit on unregistered copyrights, that is precisely what Plaintiff and his counsel did.  *Id.* at 9.   Defendants additionally argue that, if the Court had dismissed Plaintiff's claims to allow for Plaintiff to complete registration, the statute of limitations would have barred him from refiling.  *Id.* at 10.   Defendants contend that Plaintiff did not acknowledge the registration deficiency and pursued frivolous claims *because* most claims would have been eliminated, and damages would have been limited to a point where pursuing the lawsuit would not make economic sense.  *Id.* (citing 17 U.S.C. § 412 for the proposition that, if Plaintiff had properly registered the work prior to filing suit, he would have been barred from seeking statutory damages and attorneys' fees).   Furthermore, Defendants persist in arguing that Plaintiff *did* assign his rights in the illustrations based upon Defendants' legal analysis of how the subject license agreement should be interpreted.  *Id.* at 11-12.

Defendants arguments for the imposition of sanctions are unavailing for the following reasons.   First, Defendants provide no direct evidence of subjective bad faith.  *Purchasing Power, LLC*, 851 F.3d at 1223 (clarifying that a finding of subjective bad faith is required to support sanctions under a court's inherent authority with "a narrow exception for conduct tantamount to bad faith").   Defendants point to the myriad of cases that Plaintiff has filed, but

Plaintiff's and his counsel's efforts to enforce Plaintiff's copyrights through multiple lawsuits is not evidence of subjective bad faith—or of objective bad faith for that matter. *Amlong & Amlong*, P.A., 500 F.3d at 1239 (explaining that sanctions under § 1927 turn on "not the attorney's subjective intent, but on the attorney's objective conduct").

Second, Defendants' argument that Plaintiff could not have cured the alleged lack of registration of his illustrations is grounded in the incorrect presumption that the claims would be time-barred once dismissed. DE 161 at 10. If Defendants had succeeded in getting Plaintiff's claims dismissed for lack of registration, the dismissal would have been without prejudice for failure to state a claim. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1341 (11th Cir. 2018) ("[A] complaint claiming infringement of an unregistered copyright can be dismissed for failure to state a claim, it cannot be dismissed for lack of jurisdiction."). By asserting that Plaintiff could not refile, Defendants resurrect their argument that a dismissal without prejudice would not allow Plaintiff's copyright infringement claims in an amended complaint to relate back to an earlier complaint. Judge Reinhart previously found this reasoning to be incorrect. DE 90 at 9. A plausible argument exists that Plaintiff could cure allegedly missing registrations to pursue his infringement claim. Thus, I do not find that Plaintiff pursued frivolous claims in bad faith for infringement of unregistered illustrations.

Third, Defendants' argument that Plaintiff would not be entitled to statutory damages or attorneys' fees if the allegedly unregistered illustrations were registered after initiation of the lawsuit is unavailing as a reason to impose sanctions. DE 161 at 10 (citing 17 U.S.C. § 412); *see Pronman v. Styles*, 676 F. App'x 846, 848 (11th Cir. 2017) (noting that statutory damages are not permitted before the effective date of registration pursuant to § 412). Even presuming that

Plaintiff needed to cure allegedly defective claims by registering his illustrations, Plaintiff's case would not necessarily be groundless on the basis that statutory damages and attorneys' fees would be precluded under § 412 with respect to the infringement claims.   Plaintiff would still be entitled to pursue actual damages, which are typically "measured by the revenue that [Plaintiff] lost as a result of the infringement." *Pronman*, 676 F. App'x at 848 (stating also that a plaintiff may recover "actual damages and any additional profits of the infringer or statutory damages . . . if the infringement was willful").   Therefore, even assuming *arguendo* that the illustrations are not registered,[20] Plaintiff is correct that he could have registered the works and continued to pursue his copyright infringement claims.   Accordingly, Plaintiff and his counsel did not act in bad faith to pursue frivolous copyright infringement claims even presuming that the illustrations are not registered.

Fourth, Defendants' argument regarding Plaintiff having assigned his rights in the illustrations at issue is subject to interpretation of the agreement purporting to assign Plaintiff's rights.   As previously described, Plaintiff identifies a provision in the agreement that at least makes colorable his position that the agreement acknowledges that the copyright to the fish illustrations belongs to him.   Therefore, I do not conclude that Plaintiff or his counsel acted

---

[20] I do not find it necessary to determine whether Plaintiff's illustrations are registered.   As Plaintiff has argued, Defendants request substantive rulings through their motions for fees, costs and sanctions. *See* DE 152 at 11 (stating that "Defendants cannot seek substantive orders, essentially amounting to summary judgment, in a closed case").   I merely find here that Plaintiff's claims are not frivolous because, if the registrations which Plaintiff alleges cover his individual illustrations are insufficient, then Plaintiff can still maintain his claims by registering the illustrations.   Thus, I conclude that Plaintiff provides an adequate explanation for why his claims are not groundless.   Further, I observe that Defendants missed an opportunity in May 2020 to have the Court address dismissal on their theory that the illustrations were unregistered. *See* DE 91 at 6-7, n.3 (determining that Defendants answered the Second Amended Complaint and failed to raise the registration issue in their motion for judgment on the pleadings).

recklessly or in bad faith on this basis.   *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1182 (11th Cir. 2005) (holding that plaintiff's claims were not frivolous because "though weak, [they] were not entirely 'without foundation'").

For the above reasons, I conclude that Defendants fail to demonstrate that Plaintiff or his counsel pursued frivolous claims knowingly or recklessly, or in bad faith.   Accordingly, I find that Defendants' Motion for Sanctions (DE 145) should be denied.

**B.**   <u>**Sanctions Under Federal Rule of Civil Procedure 11 are Not Warranted**</u>

For the reasons stated herein, I find that Defendants' request for sanctions pursuant to Fed. R. Civ. P. 11 is without merit.   "In assessing the propriety of Rule 11 sanctions, this Court asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous."   *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010) (internal quotation marks and citation omitted).   "Defendants, as the parties seeking sanctions, must establish both elements, and the Court must resolve all doubts in Plaintiff's favor."   *Collar v. Abalux, Inc.*, No. 16-20872-CIV, 2018 WL 3328682, at *10 (S.D. Fla. July 5, 2018).   Furthermore, litigants are subject to "potential sanctions for insisting upon a position after it is no longer tenable."   *Peer*, 606 F.3d at 1311 (internal quotation marks and citations omitted). Sanctions are not appropriate, however, where the Court finds that a pleading initially had a reasonable basis, but later investigation reveals it to be without merit.   *Id.* at 1311-12 (citations omitted).   In other words, a Court should consider what was reasonable at the time a pleading or other pertinent document is made rather than simply "using the wisdom of hindsight."   *Id.* Moreover,

> a party seeking Rule 11 sanctions must comply with two procedural requirements:
> (1) the party must file a separate motion seeking the sanctions and describe the

specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing/behavior. This second requirement is commonly referred to as the 'safe harbor' requirement.

*Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 WL 4854592, at *3 (S.D. Fla. Oct. 5, 2018).

Defendants posit that Rule 11 sanctions are appropriate here because Plaintiff pursued claims under the Copyright Act for unregistered fish illustrations.   DE 146 at 13-23.   As in their Motion for Sanctions (DE 145), Defendants contend that the copyright registrations for two books do not count as registrations of the illustrations at issue in this case.   DE 146 at 18.   Defendants also argue that Plaintiff does not own the subject registrations.   *Id.* at 14.

Plaintiff argues, on the other hand, that Defendants' motion is groundless.[21]   DE 156 at 7-17.   Plaintiff proffers that the timing of Defendants serving the Safe Harbor Rule 11 notice, coming nearly one-year after initiation of this lawsuit, provides evidence that Plaintiff's claims were not objectively frivolous when made.   *Id.* at 7-9.   Plaintiff also contends that his illustrations *are* registered.   *Id.* at 9-11.   Even if the illustration are not registered, Plaintiff argues that he

---

[21] Plaintiff argues that Defendants filed the motion to harass and requests the Court to award Plaintiff fees associated with responding to the motion. DE 156 at 16-17.  In support of his position, Plaintiff argues that a database search of the subject copyright registrations reveals that they are for books.  *Id.* at 8-9.  Therefore, says Plaintiff, Defendants could have asserted their "novel" theory about non-registration the day that they received the initial Complaint (*see* DE 1 at ¶25); however, they waited for nearly one-year to serve their Rule 11 notice.  DE 156 at 7-9. Plaintiff also notes that the email, which Defendants sent on July 14, 2020 to serve the Rule 11 motion, copied the mediator.  *Id.* at 7-9.  According to Plaintiff, the motion was sent to persuade the mediator rather than as a safe harbor notice for Plaintiff's review and consideration.  *Id.* at 9. I do not find that Plaintiff demonstrates through these facts that Defendants filed the motion with improper motives.  Therefore, even presuming Plaintiff's request was properly made (which it is not), I decline to recommend the relief requested.  *See Disabled Patriots of Am., Inc. v. Tropical Paradise Resorts, LLC*, No. 21-CV-60857, 2021 WL 4147716, at *2, n.2 (S.D. Fla. Sept. 13, 2021) (declining to address relief requested in a response because it was not before the Court by motion, had not been subject to conferral and had not been briefed).

"would [simply] have to file an application to register the copyrights and then continue with the litigation." *Id.* at 14.   Furthermore, Plaintiff contends that "no prior defendant has challenged the registrations or claimed a registration deficiency because [Plaintiff] registered the works through a book." *Id.* at 12.   Plaintiff additionally notes that defense counsel in Plaintiff's other actions, whom Defendants' counsel has advised that Plaintiff did not register his copyrights and that Plaintiff assigned his copyrights, have yet to assert any of the arguments advanced by Defendants in this case.   *Id.* at 12 (referencing Plaintiff's counsel's affidavit (DE 156-2 at ¶15), which attests that "none of th[e] attorneys [so contacted] have asserted . . . any of the arguments advanced by [Defendants' counsel]").

I find that Defendants' arguments regarding Plaintiff's illustrations being unregistered fail to demonstrate grounds for Rule 11 sanctions.   Plaintiff's claims are not objectively frivolous even if the illustrations are not registered because, as previously discussed, Plaintiff could register them and still pursue his copyright infringement claims.   As Defendants fail to demonstrate that Plaintiff's claims are objectively frivolous, the analysis ends.   *Collar*, 2018 WL 3328682 at *10. Accordingly, I recommend that Defendant's Motion for Rule 11 Sanctions (DE 146) be denied.

## III.   <u>The Motion to Compel Should Be Denied</u>

In their Motion to Compel, Defendants seek Plaintiff's fee agreements with his counsel for the period of April 1, 2016 through the present.   DE 151 at 2.   The motion was filed on May 28, 2021, after Defendants filed their motions for fees, costs and sanctions on May 3, 2021.   DE 143-146; DE 151.   Defendants argue that the information is relevant to their requests for attorney's fees because, in part, the information is "tied . . . to the fundamental bad faith which is apparent in the prosecution of the Plaintiff's claims in this action, for over a year."   DE 165 at 4.   Plaintiff,

on the other hand, argues that the case is closed, and discovery cannot be propounded in a closed case; that the documents requested are not relevant; and that Defendants are attempting to drive up litigation costs in order to harass and burden Plaintiff.   DE 160 at 6.

Neither side cites to authority that supports their position.   Plaintiff cites authority for the proposition that courts find it "premature to order the disclosure of fee arrangements before a finding of liability."   *Eldredge v. Edcare Mgmt., Inc.*, No. 12-61984-CIV, 2013 WL 12131898, at *2 (S.D. Fla. Apr. 2, 2013) (collecting cases declining to compel plaintiffs' fee agreements before *plaintiffs* file for fees and costs).   Defendants cite no authority supporting that they should be able to compel production of the fee agreement(s) in order to *supplement* their motions for fees, costs and sanctions (DE 143; DE 144; DE 145; DE 146) ("Fees Motions").

Given that Defendants filed their Fees Motions before moving to compel production of the fee agreements, I conclude that such information was not necessary to their motions. Furthermore, I find that the evidence of record has allowed for a thorough review of the parties' conduct in litigating this case to date, which has been sufficient for purposes of resolving the Fees Motions without the subject fee agreements.   Accordingly, I recommend that the Motion to Compel (DE 151) be denied.

In summary, I do not find evidence of sanctionable conduct in the litigation of this case. The record and procedural history reflect that both sides have put forth considerable time and energy in pursuit of their positions in a timely and diligent manner.   Defendants have been aggressive in their defense as evidenced, *inter alia*, by the relationship between their initial estimate of what Plaintiff would seek to recover and the amount of fees for which they now seek reimbursement.   Defendants' counsel's engagement letter that is dated October 11, 2019 and

addressed to the two initial Defendants in this action estimated that Plaintiff would seek between $750 and $30,000 for statutory damages and that "any award would be on the low end of the scale." DE 143-5 at 40-41.   Defendants now seek, however, reimbursement of legal fees for more than ten times the high end of that range.   DE 143 at 10.   For Plaintiff's part, he also avers that his counsel's time spent pursuing this lawsuit and defending the propriety of the actions taken in this case has been considerable.   *See* DE 156 at 14-16 (describing Plaintiff's counsel's investigative efforts pertaining to Plaintiff's claims);   DE 152 at 20-24 (detailing and analyzing Defendants' discovery and motion practice).   At this point, the litigation of fees under any theory of recovery should not continue to overshadow the underlying dispute, which has now been voluntarily dismissed.

Under the American Rule, "parties are ordinarily required to bear their own attorney's fees."  *Buckhannon*, 532 U.S. at 602.   Furthermore, "a request for attorney's fees should not result in a second major litigation," and courts should "avoid[] an interpretation of the fee-shifting statutes that would [   ] spawn[   ] a second litigation of significant dimension."  *Id.* at 609 (internal quotation marks and citations omitted).   Here, there is no prevailing party and neither side is able to demonstrate that the other side's conduct warrants sanctions.   Consequently, this case should end with each side bearing their own fees and costs subject to the conditions that the Court placed on the voluntary dismissal.

## **CONCLUSION**

Accordingly, I **RECOMMEND** that the motions (DE 143; DE 144; DE 145; DE 146; DE 151) be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation

within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 10th day of January, 2022.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE