UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81080-ROSENBERG/MAYNARD

JOSEPH R. TOMELLERI,

      Plaintiff,

v.

JOHN N. NATALE, JR., et al,

      Defendants.
_____/

## ORDER DECLINING TO ADOPT
## MAGISTRATE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** comes before the Court upon Defendants' Motion for Attorneys' Fees and Costs [DE 143], Defendants' Motion for Taxation of Costs [DE 144], Defendants' Motion for Sanctions [DE 145], Defendants' Motion for Rule 11 Sanctions [DE 146], and Defendants' Motion to Compel [DE 151]. The Court previously referred these Motions to the Honorable Shaniek M. Maynard for a Report and Recommendation. DE 164.

Judge Maynard issued a Report and Recommendation ("R&R"), in which she recommended that each of Defendants' motions be denied. DE 166. Defendants timely filed Objections to the R&R, DE 168. The Court has reviewed the Motions and corresponding responses and replies, the R&R, Defendants' Objections, and the record and is otherwise fully advised in the premises. For the reasons stated below, the Court respectfully disagrees with Judge Maynard's analysis and declines to adopt the R&R. The Court will set for hearing and argument the issues that remain in dispute.

## I.     BACKGROUND

The Court assumes a level of familiarity with the facts of this case. In short, this dispute arises out of the federal Copyright Act. Plaintiff is a big fish in the world of nature illustrations: he draws fish of all varieties and alleged that Defendants, John N. Natale, Jr., Palm Beach Aquatics ("PBA"), Orlando Lakes and Wetlands, Inc. ("OLW"), and Gulf Coast Lakes and Wetlands, Inc. ("GCLW"), infringed three of Plaintiff's copyrighted fish illustrations in violation of 17 U.S.C. §§ 501 and 1202(a). DE 106 at 6-7. From the spawning of this litigation in 2019, Plaintiff was permitted to amend his Complaint twice; Defendants had all appeared in the action by filing answers and motions. *See, e.g.*, DE 17. About two weeks after filing his Third Amended Complaint [DE 106], Plaintiff moved to voluntarily dismiss the case without prejudice, citing mounting legal fees and COVID-19 concerns as his rationale. DE 110. It's worth noting that because Defendants had already appeared in the case, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiff had to seek the Court's permission to dismiss. Defendants opposed Plaintiff's motion to dismiss without prejudice, arguing that (1) Defendants would suffer "clear legal prejudice" should Plaintiff be allowed to dismiss without prejudice and (2) Plaintiff should not be permitted to dismiss unless he pays Defendants' legal fees and costs. DE 117. Ultimately, the Court granted Plaintiff's motion for voluntary dismissal on the terms that "if Plaintiff refiles his claims at a later date, such a filing must be preceded by a full payment of attorney fees and costs to Defendants that Defendants incurred, and which were not useful in a subsequent lawsuit"—terms to which the parties agreed.[1] DE 133. A few months later, Defendants filed the motions for costs, attorneys' fees, and sanctions, which are now the subject of this Order. Those motions were referred to Magistrate Judge Shaniek

---

[1] The Order of Dismissal also provided that "the Court's dismissal without prejudice will not affect Defendants' ability to subsequently motion for attorneys' fees and costs incurred in this lawsuit." DE 133.

Maynard for an R&R. In that R&R, Judge Maynard recommended denying each of Defendants' motions. The Court now reviews those recommendations de novo.

## II. DISCUSSION

### A. Attorneys' Fees & Costs

Defendants seek $335,968.50 in attorneys' fees and $9,238.22 in non-taxable costs and expenses. DE 143 at 10. Defendants also seek taxable costs for a sum of $3,932.56 pursuant to 28 U.S.C. § 1920. DE 144. Plaintiffs contends that he is off the hook for these fees and costs for two reasons: (1) Defendants' motions fail to comply with the Local Rules, and (2) Defendants are not prevailing parties. The Court agrees with Judge Maynard's conclusion that Defendants complied with the Local Rules and incorporates her ruling to that end here. The Court, however, respectfully disagrees with Judge Maynard's conclusion that no Defendant was a prevailing party.

In relevant part, the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The award of attorneys' fees and costs is discretionary and depends on a number of different considerations: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (interpreting the contours of discretion for attorneys' fees in § 505) (alteration in original). But before the Court can reach the merits issue of whether to award fees and costs, the Court must first determine whether each Defendant was the "prevailing party" when the Court granted Plaintiff's motion to voluntarily dismiss without prejudice. In other words, a party may not receive attorneys' fees and costs unless it is a prevailing

party (and the fees are reasonable). *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982).

At first blush, the answer seems clear: one would be forgiven for thinking the answer is as simple as the "without prejudice" punctuating the order of dismissal. But the disposition of "dismissal without prejudice" is a red herring—it alone is not dispositive of the prevailing party question. A dismissal without prejudice can have the effect of a dismissal with prejudice in certain circumstances, including "when the dismissal has the effect of precluding a party from refiling his claim due to the running of the statute of limitations." *Parrish v. Ford Motor Co.*, 299 Fed. App'x 856, 862 (11th Cir. 2008) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)); *see also Mickles on behalf of herself v. Country Club*, 887 F.3d 1270, 1280 (11th Cir. 2018).

So, the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered. This is because the standard, more generally, for determining whether a party has prevailed is "whether some court action has created a material alteration of the legal relationship of the parties." *First Time Videos, LLC v. Oppold*, No. 6-12-cv-1493-ORL-36-KRS, 2013 WL 12094410, at *3 (M.D. Fla. Sept. 16, 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001)), *aff'd* 559 F. App'x 931 (11th Cir. 2014). If the statute of limitations had run at the time Plaintiff's Third Amended Complaint was dismissed, then the Court's grant of dismissal materially altered the legal relationship of the parties.

The Copyright Act provides that "[n]o civil action shall be maintained under . . . this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507. To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual"

4

applies in copyright infringement claims.[2] However, the Southern District of Florida has consistently applied the discovery rule, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement. *Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340, 1334-35 (S.D. Fla. 2014); *see also, e.g.*, *Lorentz v. Sunshine Health Prods., Inc.*, No. 09–61529–civ, 2010 WL 3733986, at *5 (S.D. Fla. Aug. 27, 2010); *Calhoun v. Lillenas Pub.*, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.").

Plaintiff represents in his Third Amended Complaint that he discovered the alleged infringements on the following dates by the following Defendants:

1. On or about August 1, 2016: OLW
2. On or about August 1, 2016: John N. Natale, Jr., an employee of OLW
3. On or about May 2017: PBA
4. On or about February 2020: GCLW

DE 106 at ¶¶ 43, 68, 87. The Court entered its order of dismissal on January 15, 2021. So, the question becomes whether on January 16, 2021 (the day after dismissal), Plaintiff could have re-filed his claims against a Defendant. If he could, then that party could not receive attorneys' fees in the course of this action. If he was time barred from bringing copyright infringement claims against a party, then that party would be a prevailing party and may be entitled to attorneys' fees in connection with this action.

---

[2] Defendant asserts, unavailingly, that the proper standard is the "injury" standard—that is, a claim accrues from the moment the alleged infringement occurs. DE 168 at 8 n.2. The Court declines to adopt Defendants' proposal which contradicts longstanding precedent in the Southern District of Florida. Indeed, Defendants had to fish outside of federal copyright law for a case to support their proposition. *Id.* (citing to an 11th Circuit case interpreting the statute of limitations for 28 U.S.C. § 1658(a)).

As to Defendants Natale, OLW and PBA, Plaintiff would have been time barred from re-filing his claims against them at the time the case was dismissed. He represents that the claims accrued against OLW and Natale on August 1, 2016 and against PBA in May of 2017. Plaintiff would be judicially estopped from alleging that his discovery of the alleged infringement occurred at a later date. Pursuant to the three-year statute of limitations, Plaintiff's claims against OLW and Natale lapsed on August 1, 2019, and against PBA in May 2020. Because the dismissal was issued on January 15, 2021, Plaintiff would have been barred from pursuing the same claims asserted here against Natale, OLW and PBA. Accordingly, Natale, OLW, and PBA are prevailing parties and may be entitled to attorneys' fees and costs. Because the award of attorneys' fees and costs under § 505 must be determined on a case-by-case basis, the Court will set a hearing and to determine whether fees and costs are proper, and if so, in what amount.

As to Defendant GCLW, Plaintiff represents in his Third Amended Complaint that the claim accrued in February 2020. But as this Court has recognized, determining whether Plaintiff knew or should have known of an alleged infringement as of a certain date is a fact intensive inquiry. DE 104. As such, the Court will set a hearing for oral argument on the question of both entitlement and amount as to this particular Defendant, GCLW.

### B. Sanctions

Defendants accuse Plaintiff of fishy behavior: they allege that Plaintiff knew his works were unregistered at the time he filed suit. Accordingly, Defendants seek sanctions pursuant to 28 U.S.C. § 1927, the Court's inherent authority, and Federal Rule of Civil Procedure 11. DE 145. Judge Maynard recommended that each of the Defendants' motions for sanctions be denied because (1) she found no evidence of subjective bad faith and (2) because Defendants failed to show that Plaintiff's claims were "objectively frivolous." The Court declines to adopt Judge

6

Maynard's recommendations as to sanctions. Because of conflicting evidence and representations on the record, the Court will hold a hearing for evidence and oral argument on sanctions—as to both entitlement and amount.

### C. Motion to Compel

Lastly, Defendants filed a Motion to Compel production of Plaintiff's fee agreement with his attorney. DE 151. Judge Maynard recommended that this motion be denied considering her other recommendations that no party was a prevailing party and that no sanctions were warranted. But in light of this Court's rulings on the prevailing party and sanctions issues, the Court will hear argument as to the Motion to Compel as it relates to the Plaintiff's fee arrangement with his attorney.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

The Court **DECLINES TO ADOPT** Magistrate Judge Maynard's Report and Recommendation on the Motions for Attorneys' Fees, Costs, Sanctions, and the Motion to Compel as the Order of the Court.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of February, 2022.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record