UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-81080-ROSENBERG/MAYNARD

JOSEPH R. TOMELLERI,

    Plaintiff,

v.

JOHN N. NATALE, JR., et al.,

    Defendants.
_____/

FILED BY KJZ D.C.
Mar 2, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

**ORDER SCHEDULING SETTLEMENT CONFERENCE VIA ZOOM VTC**

**THIS CAUSE** is before the Court upon referral to the undersigned U.S. Magistrate Judge to conduct a settlement conference. *See* DE 174. Due to the Undersigned's limited availability, the settlement conference is being unilaterally set. Accordingly, the Court **ORDERS** as follows:

1.    Conference Date:  A settlement conference shall be held on **March 9, 2022, at 1:00 p.m.** by Zoom Video Tele-Conference (VTC)—all counsel, parties, insurance adjusters and anyone else attending the Settlement Conference shall attend by Zoom VTC. The undersigned's Courtroom Deputy Ken Zuniga will, at a later date, email the Zoom Link to counsel of record for dissemination to all attending. The Court is only reserving four (4) hours for the settlement conference.

Counsel must meet (in-person or remotely) with their clients in advance of the settlement conference to discuss measures that will ensure that both counsel and client have the ability to participate in a Zoom meeting by audio and video, with a stable internet connection. In particular, clients unfamiliar with Zoom should do an advance trial run at the location where they

1

will participate in the settlement conference. If there is any doubt about a client's ability to maintain a stable connection to Zoom during the settlement conference, counsel shall make arrangements for the client to participate in the settlement conference at counsel's office.

2. <u>Mandatory Attendance</u>: Parties and their lead counsel must personally appear at the conference by Zoom. An individual with full and complete authority to negotiate and finalize a settlement for each party must be present. Counsel and the parties should be prepared to work through the afternoon if necessary. A corporate party shall send a representative with full and complete authority to bind the company. Such mandatory appearance is intended to increase the effectiveness of the settlement conference. As such, failure to produce the appropriate person(s) or failure to participate in good faith may result in an award of costs, attorney fees, or other appropriate sanctions.

3. <u>Pre-Conference Settlement Efforts</u>: Prior to the settlement conference, the parties shall negotiate and make a good faith effort to settle the case without the Court's involvement. Proposals and counter proposals shall be made. If settlement is not achieved, the parties shall be prepared to engage in further good faith negotiation at the conference.

4. <u>Confidential Settlement Memoranda</u>: Each party's counsel shall email to chambers (matthewman@flsd.uscourts.gov), but not file, a candid memorandum of five pages or less with its respective views in the light most favorable to its client, as well as any proposed settlement amount(s), citation to legal authority, or additional information that will be helpful to the Court in preparing for the settlement conference. Each memorandum shall include a specific recitation of relevant facts, a discussion of case strengths and weaknesses, and a report on the parties' pre-conference settlement efforts outlined above. If not already part of the record, copies of any critical agreements, business records, photographs, or other documents shall be attached

to the memorandum. The memoranda shall be emailed by **5:00 p.m. on March 7, 2022**. Counsel shall indicate what portions of the submissions, if any, may be shared with opposing counsel at the settlement conference. Otherwise, the information will not be shared. All party submissions pertaining to settlement will be returned to counsel after the settlement conference.

5. Conference Format: The Court will generally use a mediation format: a joint session with opening presentations by the Court and each side followed by private caucusing by the Court with each side. The Court expects counsel and all party representatives to be fully prepared to participate.

6. Proposed Settlement Agreements: Each party's counsel shall have prepared a proposed settlement agreement.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of March, 2022.

WILLIAM MATTHEWMAN
United States Magistrate Judge